WHITNEY v. CITY OF NEW ORLEANS, (MAILHOT et al., Interveners.)

(Circuit Court of Appeals, Fifth Circuit. March 13, 1893.)

No. 69.

1. ATTORNEY AND CLIENT—COMPENSATION—CONTINGENT FEE.
Where an attorney and client agree that the fee in a pending suit shall be fixed by a referee, an award made after a successful termination of the suit by an experienced master familiar with the litigation, and confirmed by the court, will not be disturbed as excessive on appeal, unless injustice clearly appears; especially when it was probably the intention that the fee should be contingent on success.

2. SAME—INTEREST.
There is no error in allowing interest on such an award when, at the time it is made, the client's claim has been reduced to judgment, is then or very soon collectible, and is bearing interest at the same rate.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana. Affirmed.

Thos. J. Semmes and John D. Rouse, for complainant, appellant.

Ernest B. Kruttschnitt, (Edgar H. Farrar and Benjamin F. Jonas, on the brief,) for interveners, appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PARDEE, Circuit Judge. After Myra Clark Gaines had succeeded in her litigation for recognition as the heir of Daniel Clark, other important and intricate litigation was necessary in order to secure any substantial fruits of her legal victory, and thereafter numerous suits were instituted by her against various possessors of the property acquired from the city of New Orleans, and formerly belonging to Daniel Clark, to recover the property and the fruits and revenues, these suits being generally denominated "The Agnelly and Monsseaux Cases." In this litigation the Honorable E. T. Merrick and Messrs. Fellows & Mills were solicitors for Mrs. Gaines. During its progress circumstances occurred which resulted in the retirement of the Honorable E. T. Merrick from the case, and the discharge, by Mrs. Gaines, of Messrs. Fellows & Mills, and the employment of John Ray, Esq., to represent Mrs. Gaines' interests. Before the cases were heard and determined, Mr. Mills (the firm of Fellows & Mills having been dissolved) was re-employed, his shortcomings, whatever they were, apparently condoned, and he continued to render services until final decrees were obtained. As to compensation for services in this litigation, Mrs. Gaines and Mr. Mills disagreed, and the matter, by

agreement, was left to the arbitration of the Honorable William B. Woods, then circuit judge. After the apparently successful termination of the litigation in the Agnelly and Monsseaux Cases, the property recovered being of comparatively small value, and the adjudged wrongful possessors poor or insolvent, a suit in equity was instituted by Mrs. Gaines against the city of New Orleans to charge the city as warrantor, and responsible for all Mrs. Gaines' claims, and Mr. Mills was the solicitor who was employed, and who filed the bill of complaint in the case No. 8,825 of the docket of the United States circuit court for the eastern district of Louisiana, in which case the intervention now in hand was filed.

On the day on which the bill was filed the complainant, Mrs. Gaines, and her solicitor, Mr. Mills, entered into an agreement as follows:

"It is hereby agreed between Myra Clark Gaines and Wm. Reed Mills that the amount of fees to be allowed and paid by Mrs. Gaines to said Mills for professional services as her attorney and solicitor in the certain suit in chancery about to be instituted by her against the city of New Orleans in the United States circuit court for this district, shall be determined and fixed by Judge E. C. Billings, or, in case of his death, by his successor in office. The amount to be named to be a fixed sum to be paid by a percentage, to be also fixed by Judge Billings, or his successor, until the payment amounts to the sum fixed. Thus done and signed in duplicate in the city of New Orleans, this 7th of August, one thousand eight hundred and seventy-nine. [Signed by the parties and the witnesses, W. H. Wilder and John C. Eve.]"

The suit was conducted by Mr. Mills to a final decree in the circuit court, Mrs. Gaines recovering in that court a decree against the city of New Orleans for nearly $2,000,000. 17 Fed. Rep. 36. An appeal having been taken by the city of New Orleans, Mr. Mills remained in the case attending to the various details up to the death of Mrs. Gaines. After the death of Mrs. Gaines, her representatives secured the services of other and more distinguished counsel, and Mr. Mills was practically retired from the case. He, however, attended on the argument before the supreme court, and, though not recognized by the counsel for Mrs. Gaines' representatives, submitted a very lengthy brief, all of which is reproduced in the record. After the death of Mrs. Gaines, and in June, 1890, Mr. Mills made application to Judge Billings for a provisional award of compensation, whereupon Judge Billings entered the following:

"United States Circuit Court, Eastern District of Louisiana.

"Myra Clark Gaines versus The City of New Orleans. No. 8,825.

"Mrs. Myra Clark Gaines and Mr. William R. Mills having by an agreement, a copy of which is hereto annexed, left to me the decision as to how much his fee should be for what he did as solicitor in this cause, there being, as yet, no final judgment, but Mr. Mills feeling the necessity for a provisional award, after hearing Mr. Mills, and Mr. T. J. Semmes and Mr. J. D. Rouse for the heirs of Mrs. Gaines, I hereby fix the amount which he is to be entitled to out of the judgment in said case, when it becomes final and is collected, at twenty-five thousand dollars, ($25,000,) not intending to fix the whole amount of his fee, which is to be determined when there is a final judgment in the cause, but to fix the lowest amount to which he will be entitled to be paid out of the judgment when final and collected.

"June 24, 1890.

[Signed]                              "Edwards C. Billings."

The matter of compensation to Mr. Mills remained in this shape until after the decision of the supreme court, reported in 131 U. S. 191, 9 Sup. Ct. Rep. 745, which reduced the amount of Mrs. Gaines' recovery to the sum of $576,707.92, with interest at 5 per cent. from January 10, 1881, subject to certain deductions, when Mr. Mills, in proper person, moved for a rule upon the heirs of Mrs. Gaines to show cause why his fee should not be determined and fixed by Judge Billings. This rule was, after due proceedings, made absolute, whereupon, on motion of the counsel for the defendants in the rule, not opposed, it was ordered that the matter be referred to a master in chancery to take evidence, and report to the court without unnecessary delay. The master, after taking evidence, reported to the court that Mr. Mills was entitled to the sum of $66,600 and costs. Exceptions were filed by both parties to the report of the master, but it was confirmed by the court, and a decree rendered in accordance with the report. From this decree so rendered, William Wallace Whitney, administrator, prosecutes this appeal, and makes the following assignments of error:

"(1) The court erred in proceeding to try this rule, taken on 22d April, 1891, by William Reed Mills, and referring the same to a master to take testimony and report thereon. The claim of said Mills, if sustainable at all, should have been presented by independent bill or in an independent suit. (2) The court erred in proceeding to a decree after the death of said William Reed Mills before the cause was revived by proper proceedings for that purpose at the instance of his representatives. (3) That the court erred in allowing interest on the claim of said Mills. (4) The court erred in allowing said Mills a lien on a final decree which he never recovered. (5) The court erred in allowing said Mills, as compensation for his services, the amount reported by the master, because the master in making said allowance violated the principles stated in his report. (6) The court erred in confirming the master's report and rejecting the exceptions to said report, filed by complainant, because the allowance should not have exceeded $40,000. (7) The court erred in treating the compensation of Mills as a contingent fee."

Of these assignments of error only the 3d, 5th, 6th, and 7th are urged in this court, and of these the 5th, 6th and 7th may be considered together, as they all relate to the main contention of the appellant that the allowance to Mills in the circuit court is excessive.

The amount allowed was practically fixed and determined by the Honorable E. C. Billings, who, by the original agreement of the parties, was an amicable compounder, and whose finding, if he had made one under the agreement, would have been final between the parties, and could not be attacked except for fraud.

The amount allowed was also determined by the circuit court, under whose supervision the services were rendered, after a hearing and investigation before an experienced master, who, from previous investigations in the Gaines Case, was familiar with the extent and character of the intervener's services, and whose favorable report for the amount allowed is, in our opinion, sustained by the evidence offered on the hearing. The original agreement between Mrs. Gaines and Mr. Mills leaving to Judge Billings to determine and fix the compensation of Mr. Mills is susceptible of two constructions, —as to whether the fee to be allowed was to be a certain fixed and determined fee, payable at all events; or a contingent fee, dependent

upon the results of the litigation. The order given by Judge Billings, making the provisional allowance, in 1890, goes far to show that his construction of the agreement was that the fee was to be contingent, at least so far as to depend upon the final judgment in the case. Mills' construction of the agreement evidently was that the fee was to be a contingent one; and the circumstances of the case all point to the same conclusion, because Mrs. Gaines was notoriously involved, if not insolvent, and her counsel well understood that the payment of fees in that case depended upon success,—no recovery, no fee. If the proper construction of the contract is that the fee was to be contingent, then the evidence in the record seems to sustain the master's report beyond any reasonable question. On the other hand, if the agreement between the parties, properly construed, contemplated a fixed, definite fee to Mr. Mills, payable without reference to the result of the suit, upon a quantum meruit, then, considering the evidence, together with the fact of the circuit court's indorsement, we are unable to say that the amount allowed by the decree appealed from is excessive to such a degree as would warrant a reversal, based, as such reversal must be, largely on our individual opinions.

Appellate courts are generally not disposed to disturb the findings of lower courts in the matter of compensation for services of trustees, solicitors, receivers, and masters rendered in the conduct of litigation in said courts, whether based on findings of masters or verdicts of juries, unless injustice clearly appears, for the reason that the court below should have considerable latitude of discretion on the subject, since it has far better means of knowing what is just and reasonable that an appellate court can have. See Trustees v. Greenough, 105 U. S. 527–537; Cowdrey v. Railroad Co., 1 Woods, 341; Head v. Hargrave, 105 U. S. 45.

As to the allowance of interest from judicial demand, complained of in the third assignment of error, we need only notice that at that date, April 22, 1891, the amount of the decree in favor of Mrs. Gaines against the city of New Orleans was definitely ascertained, was then, or very soon after, exigible, and was bearing interest at the same rate as allowed in the Mills decree.

For all of these reasons, we are of the opinion that the decree of the circuit court should be affirmed, and it is so ordered.