### PARK v. GILLIGAN, Collector (two cases).

(District Court, S. D. Ohio. April 29, 1921.)

Nos. 2737, 2738.

**1. Internal revenue ⬅⇒7—Dividends out of capital or profits accruing before March 1, 1913, not taxable as income.**

Under Act Sept. 8, 1916, limiting taxation on dividends to dividends made out of profits accrued since March 1, 1913, which means after-acquired gain which did not then exist, any distribution of profit or money accumulated by a corporation prior to March 1, 1913, whether arising from profit or not, is not taxable as income.

**2. Internal revenue ⬅⇒7—Distribution of compensation received by corporation on November 1, 1916, as settlement of claim for damages accruing before March 1, 1913, held not taxable as income.**

Distribution of compensation received by a corporation November 1, 1916, in settlement of a claim for damages for violation of the anti-trust law accruing before March 1, 1913, was not in itself profit, but an indemnification for causing a loss of profits, and under Act Sept. 8, 1916, was not taxable as profits accruing after March 1, 1913.

**3. Internal revenue ⬅⇒7—Evidence held to overcome presumption that dividends are paid out of income, and not out of capital.**

In an action involving the taxability of dividends as income, evidence that the dividends were paid out of money received by the corporation in settlement of a claim for damages, and that no other money was available for dividends, *held* sufficient to overcome the presumption that dividends are paid out of profits, and not out of capital.

**4. Corporations ⬅⇒155(4)—Declaration of dividends creates debt in favor of stockholders.**

The declaration of a dividend creates a debt from the corporation to the stockholders.

**5. Internal revenue ⬅⇒7—Dividends credited to stockholders subject to income tax only to amount actually received by them; "income."**

Dividends credited to stockholders on books of a corporation are taxable as income of stockholders only to the extent actually drawn out by them, since "income" means actual cash or its equivalent received, as opposed to contemplated revenue due or unpaid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

---

⬅⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. **Internal revenue ☞7—Stockholder of corporation, paying tax on net income, entitled to have dividends credited on his normal tax, but not on surtax.**

A stockholder in a corporation, which pays a tax on its net income, is entitled to have the amount of his dividends credited on his normal tax, but not on the surtax, under Act Sept. 8, 1916, § 5 (Comp. St. § 6336e).

7. **Internal revenue ☞38—Claimant for refund of income tax erroneously exacted held entitled to interest thereon.**

The general rule that claimants are not entitled to interest against the United States did not apply to an action to recover income tax erroneously exacted.

At Law. Actions by Godfrey R. Park and by Susan R. Park against Andrew C. Gilligan, United States Internal Revenue Collector in and for the First District of Ohio. Judgments for plaintiffs.

Matthews & Matthews, of Cincinnati, Ohio, for plaintiffs.

R. T. Dickerson, Asst. U. S. Atty., of Cincinnati, Ohio, for the United States.

PECK, District Judge. [1, 2] These cases are submitted together upon an agreed statement of facts and evidence. The questions involved, identical in each case, are as to the taxability, as income, under the law of 1916 (39 Stat. 756), of two certain items. The first is that part which each plaintiff received as a stockholder from the proceeds of a settlement of the case of John D. Park & Sons Co. against various persons, by which the sum of $85,000 was realized upon a claim for damages by way of loss of profits resulting from an unlawful restraint of trade suffered in the years 1891 to 1904, which was in litigation long prior to March 1, 1913, and was settled by the payment of the aforesaid amount about November 1, 1916. At the time it was received John D. Park & Sons Co. had ceased to be a corporation, and had become a voluntary association organized under the laws of Ohio; but I take it that fact makes no material difference in any aspect of this case. The amount was received by the association, and apportioned among its shareholders, and credited to them upon its books. The item represented, therefore, the distribution of the proceeds of a chose in action arising ex delicto long prior to March 1, 1913. It was compensation for an injury which John D. Park & Sons Co. had suffered by reason of a violation of the Anti-Trust Law (Comp. St. § 8820 et seq.). It was not in itself a profit, but was indemnification for a wrong which had caused a loss of profits. On March 1, 1913, it was represented by an accrued chose in action. On November 1, 1916, it was reduced to cash.

By the act of 1913 (38 Stat. 114) dividends were taxable if paid after March 1, 1913, whether from profits theretofore accrued or thereafter. Lynch v. Hornby, 247 U. S. 339, 38 Sup. St. 543, 62 L. Ed. 1149. But by the act of 1916 taxable dividends were limited to those made out of earnings or profits accrued since March 1, 1913. And, I take it, whatever claims the corporation had upon that date, whether arising from profit or otherwise, are to be considered as capital then accrued, for the purposes of this act, and that profit since accrued means after-acquired gain, which did not then exist, and that the mere fact that a

then existing claim, even though representing a profit, was afterwards collected, would not make it a profit accrued after the prescribed date. The same limitation was carried in the amendment of October 3, 1917 (40 Stat. 300), and substantially the same in section 201 of the act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛b), the date being there changed to February 28, 1913. Any distribution of property or money accumulated by a corporation prior to March 1, 1913, has not been taxable as income at any time since the enactment of the Act of September 8, 1916, and it was under that act that the taxes in question were imposed. Therefore the distribution of the sum realized from the compromise of the chose in action under discussion was not a dividend taxable as income unless that sum can be regarded as representing profit accrued after March 1, 1913.

[3] The brief filed by the government rests its contention upon the proposition that, when a dividend is declared and paid by a corporation, such dividend is presumed to have been paid from profits, and not from capital, and that if the value of the capital of this corporation, after the distribution of said sum of $85,000, was equal to its value on March 1, 1913, the distribution of the $85,000 was a distribution of the profits, and the shares received by the plaintiffs were taxable income. But the evidence is that all, or practically all, of the profits that accrued to this corporation between March 1, 1913, and January 1, 1917, were paid out in other dividends, and it was impossible that this $85,000 could have been paid out of earnings on hand. The corporate surplus was practically exhausted by the payment of such other dividends from year to year. Therefore the presumption upon which the argument of the government, as set forth in the brief, rests, to wit, that this distribution was made from profits accumulated within the taxable period, is overcome by the evidence. The fact is that this asset, which had accrued and existed in the form of a chose in action at and long prior to March 1. 1913, was on November 1, 1916, realized upon and distributed, and the corporate property as it stood at the former date was thereby diminished accordingly. There is no evidence that this chose in action was of any greater value on the latter date than it was on the former. Therefore, as this distribution was not out of profits accrued since the statutory date, it was not taxable to the distributees as income.

[4, 5] As to the second class of items involved in this controversy, it appears that in the year 1916 the earnings of the company were distributed to the stockholders by crediting them with their pro rata shares thereof upon the books of the corporation. This dividend was not, however, actually segregated from the general assets of the company. Godfrey F. Park thus received credit for $21,120.94, and Susan R. Park for $17,836.33. It is well settled that the declaration of a dividend creates a debt from the corporation to the stockholders. If the amount of the dividend be segregated and set apart from the other corporate assets, in money or securities or other property, then the same becomes a trust fund, for the benefit of the stockholders, respectively. But that does not seem to have been done in this case. Therefore the crediting of the pro rata shares of the plaintiffs, Godfrey F. Park

and Susan R. Park, of this amount to their respective accounts upon the books of the company, merely evidenced the indebtedness of the company to them, and did not constitute the receipt of income by them. Income means actual cash or its equivalent received, as opposed to contemplated revenue due or unpaid. Maryland Casualty Co. v. United States, 52 Ct. Cl. 201, 209, affirmed 251 U. S. 342, 345, 40 Sup. Ct. 155, 64 L. Ed. 297.

Although the dividends were not income simply because credits to the extent thereof had been created, yet when the plaintiffs subsequently drew, as they did, against those credits and obtained the money thereon, then they did become income; and therefore they are properly charge-able with the income tax upon what they actually received and drew. The evidence before the court being not in shape to accurately adjust this account, the court ruled at the hearing that unless the parties could agree, an auditor would be appointed to make the calculation. But thereupon Mr. Matthews, counsel for plaintiffs, stated that plaintiffs would have no objection to the item representing income for 1916 being taxed; that, inasmuch as it would have to be paid at some time, it might as well be paid now. Accordingly, there being no objection upon the part of plaintiffs, they may be charged with the appropriate tax upon the credits which they received, respectively, upon the books of the company as the result of the earnings; that is to say, the dividends declared in regular course as distinguished from this distribution of the $85,000 resulting from the settlement of the lawsuits. The plaintiffs may have judgment for so much of their claims, respectively, as is based upon the collection of income tax on their pro rata shares of the $85,000 distributed.

[6] The petition is denied as to its claim for refunder of the tax upon the regular dividend except as to the normal tax. Section 5b (Comp. St. § 6336e) reads:

"For the purpose of the normal tax only the income embraced in a personal return shall be credited with the amount received as dividends upon the stock or from the net earnings of any corporation, joint-stock company or association, trustee, or insurance company, which is taxable upon its net income as hereinafter provided."

There is no doubt but that this concern of John D. Park & Sons Company was taxable on its net income; and therefore let the plaintiffs be credited in an account as upon an amended return for the year 1916, with the dividends received, so far as the normal tax is concerned, but the dividends will be included in computing the amount of the surtax.

[7] The general rule is that claimants are not entitled to interest against the United States, but this does not apply to actions like the present (Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63; National Home v. Parrish, 229 U. S. 494, 33 Sup. Ct. 944, 57 L. Ed. 1296), and plaintiffs are entitled to interest upon the amount herein found to have been erroneously exacted.

A certificate that there was reasonable and probable cause for the collector of internal revenue to receive this money will be made.