## TRACY et al. v. SP!TZER–RORICK TRUST & SAVINGS BANK et al.

(Circuit Court of Appeals, Eighth Circuit. May 3, 1926.)

No. 7189.

1. **Evidence** ⊗⇒571(7)—**Fixing of attorney's fees in ancillary action to foreclose mortgage rests in sound judicial discretion of judge in whose court services were performed, and he is not absolutely bound by expert evidence.**

Fixing of attorney's fees in ancillary action to foreclose corporate mortgage and have ancillary receivers appointed rests in sound judicial discretion of judge in whose court services were performed, and judge is not absolutely bound by expert evidence as to value of such services, because he himself is an expert.

2. **Appeal and error** ⊗⇒984(5)—**Before appellate court is warranted in holding that trial court has abused its discretion in fixing counsel fees, evidence should clearly convince it that amount allowed is manifestly insufficient or excessive.**

Before an appellate court is warranted in holding that trial court has abused its discretion in fixing counsel fees, evidence, including testimony of experts, nature of work, amount in controversy, intricacy or novelty of legal questions presented, duration of services, ability of counsel, and result of their services, ought to be such as to convince court that amount allowed is manifestly insufficient or excessive.

3. **Attorney and client** ⊗⇒141—**Facts in case involving issues of reasonable value of legal services held evidence from which trial court and Circuit Court of Appeals can draw just conclusion.**

In ancillary action to foreclose mortgage involving issues as to reasonable compensation for legal services, facts themselves constitute evidence from which trial court and Circuit Court of Appeals can draw just conclusions; such courts being experts as to value of legal services.

4. **Attorney and client** ⊗⇒166(3)—**Evidence held to show that allowance of $6,000 to principal attorneys for ancillary receivers appointed in foreclosure action was not so insufficient as to require reversal on appeal.**

Evidence *held* to show that allowance of $16,000 to counsel for ancillary receivers appointed in foreclosure action, of which amount principal attorneys received $6,000, for services involving five or six contested claims amounting to more than $100,000, and requiring their services in court, before special master, and in taking depositions, for about 25 days, and other services for about 45 days, was not so insufficient as to require reversal.

5. **Attorney and client** ⊗⇒141—**Allowance of $1,000 to principal attorneys in ancillary mortgage foreclosure action involving property valued at $425,000 held inadequate and increased to $2,250.**

Allowance of $1,000 to principal attorneys in ancillary mortgage foreclosure suit, respecting property which brought $425,000 on foreclosure sale, *held* inadequate, and increased to $2,250.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Spitzer-Rorick Trust & Savings Bank, trustee, and others, against the Constantin Oil & Gas Company, wherein Thomas H. Tracy and others were employed as attorneys. From an order allowing attorney's fees to said attorneys, they appeal. Order modified, and, as modified, affirmed.

Edward W. Kelsey, Jr., of Toledo, Ohio (George D. Welles, of Toledo, Ohio, on the briefs), for appellants..

Fraser, Hiett & Wall, of Toledo, Ohio, and E. M. Gallaher, of Tulsa, Okl., for appellees.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

FARIS, District Judge. Appellants were solicitors for appellee in this action below, and likewise in an action brought by appellee as trustee, in the federal court of Oklahoma, to foreclose a mortgage made by the Constantin Refining Company. Included among the assets in the mortgage thus being foreclosed was all of the stock of the Constantin Oil & Gas Company. The latter company had property in the Western District of Arkansas; so it was deemed wise to bring an ancillary proceeding in equity in the United States District Court for the Western District of Arkansas to foreclose as to these properties, and to have appointed ancillary receivers therefor. Accordingly, this was done, and the receivers in the main proceeding in Oklahoma were appointed ancillary receivers of the Arkansas properties. Thereafter such proceedings were had in the ancillary action as resulted in a decree of foreclosure, a sale of the properties of the Constantin Oil & Gas Company for the sum of $425,000, and the allowance and payment to the creditors of the latter company of their claims.

Appellants were also appointed as attorneys for the ancillary receivers, and, since they reside in Toledo, Ohio, it was deemed necessary to employ local counsel in Arkan-

sas to aid in the filing and prosecution of the action to foreclose, as also local counsel for the ancillary receivers. Such local counsel were allowed, respectively, the sum of $250 for services in the suit and $10,000 for services rendered to the ancillary receivers. Appellants were allowed the sum of $1,000 for services rendered in bringing and prosecuting the foreclosure suit, and the further sum of $6,000 for services rendered the ancillary receivers. Being of the opinion that these allowances were so far inadequate as to constitute an abuse of discretion by the District Court, appellants have appealed in conventional mode.

The matter of these allowances for fees was tried before the court. The record does not clearly disclose that appellee was represented by counsel, or that it offered any evidence, or any expert testimony. Much evidence was offered in the form of affidavits and correspondence which dealt wholly with a controversy as to the fee appellants should be allowed in the main proceeding contemporaneously pending in Oklahoma, from which it appears that appellants were there insisting upon a fee of $100,000 for legal services rendered therein, and that appellee was contending that appellants had agreed that their fee for all work, in any and all jurisdictions, should be fixed at the sum of $75,000. Since counter affidavits were filed, it may be assumed that one of the affidavits mentioned was filed on behalf of appellee, but the record is dark as to this fact. In the opinions of the witnesses, who were lawyers called to testify as experts, appellants' services rendered in the foreclosure proceeding were fairly worth from $5,000 to $7,500, and their services to the receivers $10,000. Local counsel put the value of his own services rendered to the receivers at $12,500 to $15,000, and as said he was allowed $10,000, making a total allowance to counsel for services rendered to the receivers, through a period of two years of $16,000. There were some five or six contested claims, involving in all something over $100,000, and requiring the services of appellants in court, before the special master, and in taking depositions, for some 25 days in all. Other services, in correspondence, looking up authorities, and preparing orders, were rendered by appellants, to which altogether they devoted some 45 days. Save for contests over the allowance of the above-mentioned claims, the foreclosure proceedings seemingly were not litigated.

With practically all of these services the trial court was personally familiar. For, while many of the contested matters were litigated before the special master, it may be assumed that in all which were of any moment exceptions would be taken and fought out before the court. The basis for this assumption is not entirely clear from the record, which, however, does disclose that some 10 days were occupied in work in the District Court, and so, other entries regarded, this work must have been performed in matters of exceptions. The trial court also personally knew, whether appellants or local counsel had borne the brunt of this litigation, and which of such counsel had rendered the greater part or the more valuable services. After patiently hearing the expert witnesses and Mr. Welles of appellants' firm, after considering the affidavits and the counter affidavit, and in the light of his own knowledge, the trial court allowed a total fee of $16,000 for the services to the receivers here in dispute. The court evidently took into consideration the controversy as disclosed by the affidavits, touching whether any fee at all should be allowed for services rendered in the ancillary receivership. Obviously he concluded that some compensation was due appellants. But he must also have considered that, in the same years in which services were being rendered by appellants in Arkansas, they were carrying on legal work in the main case in Oklahoma, in which they were insisting on a fee of $100,000, and were reasonably certain to get $75,000, either exclusive or inclusive of the fee allowed by the court in the matters at bar.

[1] The applicatory rules of law are brief and simple. The matter of fixing attorney's fees in a case such as this rests in the sound judicial discretion of the judge in whose court the services were performed. He, no more than is a jury, is not to be absolutely bound by the testimony of experts as to the value of legal services so rendered. If juries are not absolutely bound by expert evidence of the value of such services, and the rule is that they are not (Head v. Hargrave, 105 U. S. 45, 26 L. Ed. 1028; McDougal v. Panther Oil, etc., Co. [C. C. A.] 277 F. 701; 6 C. J. 736), then certainly the court sitting as here, as the trier of the facts, is not, because he is himself an expert (McDougal v. Panther Oil, etc., Co. supra).

[2] Before an appellate court is warranted in holding that the sound judicial discretion resting in the trial court has been abused in the matter of fixing counsel fees, the evidence, including the testimony of experts, and the facts as to the nature of the work, the amount in controversy, or involved, the intricacy or novelty of the legal questions pre-

sented, the duration of the services, the ability of counsel, and the results attained through the services rendered, ought to be such as to convince the court that the amount allowed nisi is manifestly insufficient or excessive. Farmers', etc., Co. v. McClure, 78 F. 209, 24 C. C. A. 64; Walters v. Western, etc., Railroad Co. (C. C.) 69 F. 706; Whitney v. New Orleans, 54 F. 614, 4 C. C. A. 521.

Apposite to some of these questions, if not to all of them, Judge Sanborn, speaking for this court in the case of Farmers', etc., Co. v. McClure, 78 F. loc. cit. 210, 24 C. C. A. 65, said:

"The judge who entered this decree below was familiar with the proceedings in his own court, with the character of this litigation, with the controversies, if any, that had arisen in it, with the amount of services that had been rendered by each of the solicitors, and with every step that had been taken in the case. It is the settled rule of the federal courts that where the court below has considered conflicting evidence, and made its finding and decree thereon, they must be taken as presumptively correct; and, unless an obvious error has intervened in the application of the law, or some serious or important mistake has been made in the consideration of the evidence, the decree should be permitted to stand."

[3] If, touching this, it be said that, except perhaps for the affidavit of the president of appellee, there was no evidence offered on behalf of appellee, the answer is that the facts themselves, when presented to the trial court and to this court, are witnesses, or at least constitute evidence, from which a fair and just conclusion may be drawn. For, as already said, and as was said by this court, both the trial court and this court are experts on the value of legal services, as witness the below excerpt:

"What amount would here constitute such reasonable compensation is a matter of fact. Appellees claim that there is no evidence on that subject. We think otherwise. This court, as well as the trial court, may be considered experts upon the value of legal services. [Citing authorities.] We have in the record sufficient testimony upon which to exercise that expert knowledge. The record reveals the character and importance of the lit-

igation and the pleadings prepared by appellants." McDougal v. Panther, etc., Co. (C. C. A.) 277 F. loc. cit. 707.

[4] We are not convinced from the record before us that an allowance of $16,000, to counsel for the ancillary receivers was so manifestly insufficient as, under the applicable law, to require an increase at our hands. It is true, that out of this sum appellants got only $6,000; but nobody was in a better position to know than was the trial judge as to what was a fair, just, and equitable division of this fee. He saw fit, in the light of his knowledge touching what had been done and who did it, to allow appellants $6,000 out of the total sum. And so we conclude that his finding on this phase of the case ought not to be disturbed.

[5] In the matter of the allowance of a fee of $1,000 to appellants, for preparing and filing on behalf of appellee, the bill of complaint in the ancillary foreclosure and of prosecuting such action to a decree and sale of the properties thereunder, we are of opinion that a total fee of only $1,250 for this service was in the light of the facts and the rules of law above discussed manifestly insufficient. As set out in the statement already, local counsel, who does not appeal, was allowed $250, making for the whole work done a total fee of only $1,250. These properties brought when sold the sum of $425,000. Considering the care necessitated, and the accuracy required, and the labor involved in dealing, in the many pleadings and orders, with properties of this quantity and value, we are of the opinion that a total fee of $2,500 would constitute a modest charge. Even this sum would ordinarily be less than the work was worth, if it were not to be taken into consideration that this proceeding was upon an ancillary bill, that much of the pleading required would ordinarily be a repetition of many of the facts in the bill already filed in Oklahoma, and that counsel here appealing were likewise counsel for appellee in the main case. On the whole, we think that a fee of $2,250 to appellants would be fair and reasonable.

So the order appealed from will be modified by an allowance of $2,250 to appellants, in lieu of the sum of $1,000 allowed them for services in the ancillary foreclosure suit, and, as modified, the judgment will be affirmed.