THOMAS H. TRACY et al., Appellants, v. SPITZER–RORICK TRUST & SAVINGS BANK, Trustee, et al., Appellees.

(Circuit Court of Appeals, Eighth Circuit. May 3, 1926.)

No. 7190.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Edward W. Kelsey, Jr., of Toledo, Ohio (George D. Welles, of Toledo, Ohio, on the briefs), for appellants.

Fraser, Hiett & Wall, of Toledo, Ohio, and E. M. Gallaher, of Tulsa, Okl., for appellees.

Before LEWIS, Circuit Judge, and FARIS and PHILLIPS, District Judges.

FARIS, District Judge. This case is similar in all respects to case No. 7189, styled Tracy et al v. Spitzer-Rorick Trust & Savings Bank et al. (C. C. A.) 12 F.(2d) 755, this day decided, except that the legal services involved here are for work done in filing and prosecuting to a decree and sale an ancillary foreclosure suit to foreclose the identical mortgage upon a tank farm, some surface acreage, and a warehouse, the latter seemingly a chattel real.

The suit was not contested, and the work done consisted in large part of an examination of the title in order to ascertain whether the Constantin Refining Company had conveyed the properties above mentioned to the Constantin Oil & Gas Company, and, on ascertaining that it had not, the preparation and filing of an ancillary bill to foreclose, taking judgment pro confesso, the preparation of the decree and order of sale, and an order confirming the sale. The properties involved brought the sum of $20,000 when thus sold. The court allowed a fee of $250 to local counsel and a fee of $500 to appellants. From this order so fixing their fee they appeal in due form.

Regard being had to lack of a contest, to the value of the property involved, the pendency of the main case and one other ancillary proceeding, in which appellants have been allowed, or will be allowed substantial fees, and the fact that the work herein done was, except for the examination of the title to ascertain if the property had been conveyed, largely a duplication of the work in the other two cases, we are constrained to conclude that a total fee of $750, was not so manifestly insufficient as to call for appellate interference.

For the reasons given in No. 7189, and upon the facts here set out, and the applicable facts detailed in the above companion case, the judgment below will be affirmed.