WILLIAM J. KYLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PATRICK D. REINHART, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 16701, 16702.   Promulgated April 4, 1929.

*W. A. Seifert, Esq.*, and *W. W. Booth, Esq.*, for the petitioners.
*A. H. Fast, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioners contend that the respondent erred in determining that the entire amount of $24,320.27 received in cash by the partnership in 1920, as payment of its judgment and interest thereon, was income for the year 1920 to the partnership and to the petitioners to the extent of their pro rata share. It is their position that of the amount so received only that portion which represented interest upon the judgment from the date on which the judgment was entered was partnership and individual income during the taxable year.

As to that portion of the amount received which represents payment for completed services performed prior to March 1, 1913, and for interest accrued to that date, we think that the petitioners' position is correct and that they are not taxable thereon in 1920. In this connection their method of making returns is immaterial since such method is only determinative of the year in which they are to be charged with income for tax purposes of these things which are income in fact under the various revenue acts. In the case of these petitioners, the services performed in each purchase of real estate represented a separate transaction, the compensation for which was earned upon the completion of the transaction. Their right to income accrued at that time and was not uncertain or contingent. They then had an assignable chose in action and there was a debt of a certain amount owing to them from their client. In Pennsylvania, interest is recoverable on a claim for legal services from the date when the claim becomes due and payable. See *Gray* v. *Van Amringe*, 2 W. & S. (Pa) 128; *Commonwealth* v. *Terry*, 11 Pa. Sup. Ct. 547. This is in accordance with the general rule in this country. See *Mining Co.* v. *Jones & Laughlin*, 108 Pa. 55; *Whitney* v. *New Orleans*, 54 Fed. 614; *Wilson* v. *Miller*, 274 Fed. 808; and see 52 A. L. R. 197. For the purposes of the revenue acts the March 1, 1913, value of such rights to compensation in a definite amount and

interest accruing before that date on this amount represents capital and is not taxable income when received. Cf. *Estate of Mary E. McCahill,* 2 B. T. A. 875; *Southern Pacific Co.* v. *Lowe,* 247 U. S. 330; *United States* v. *Guinzburg,* 278 Fed. 363; *Park* v. *Gilligan,* 293 Fed. 129; *Ruth Iron Co.* v. *Commissioner of Internal Revenue,* 26 Fed. (2d) 30; *Platt* v. *Bowers,* 13 Fed. (2d) 951.

The evidence discloses that at March 1, 1913, Thompson was reputedly a wealthy man of sound financial responsibility who was habitually prompt in payment of his interest obligations and whose creditors had no difficulty in collecting their claims. The amount of the petitioners' claim for services was further protected by the legal right to receive interest thereon, while the amount of such interest could in turn be protected by suit and judgment in the event of a refusal to pay. We are satisfied that the March 1, 1913, value of the claims for services with interest thereon to March 1, 1913, was the full amount of the claims plus the full amount of the interest and that the petitioners are not taxable in 1920 upon amounts received in that year which represented such accrued rights. These amounts we have found as a fact were $7,035.10 and $1,055.27, or a total of $8,090.37.

The remaining portion of the amount received in cash presents a different situation, for here the petitioners' method of accounting is material. They have admitted that their individual returns were made upon the basis of cash receipts and disbursements. The Commissioner has determined the deficiency on the theory that the partnership kept its books upon the same basis, and in the absence of evidence to the contrary it must be presumed that this was the partnership's basis for its returns. Being on the cash basis, the amount received in cash in 1920, which represented payment for services performed and interest accrued after March 1, 1913, is taxable income for the year 1920, unless it appears that all or portions of the amount received represented income chargeable to the petitioners in prior years. The petitioners allege and have the burden of proving that portions of this amount represented taxable income to them not in 1920 but in 1915, when the judgment was entered.

Evidently the petitioners did not consider themselves chargeable with income for those services performed after March 1, 1913, as of the dates when the services were performed and their right to compensation accrued. Nor could they properly be chargeable for tax purposes at such time, except upon an accrual basis. This being true, it is difficult to see in what manner the change in the form of their claim to a judgment represents the receipt of income chargeable to them on the cash receipts basis. It is true that the claim is merged in the judgment in the sense that no suit can thereafter be brought upon the original liability, but only for the enforcement of the judg-

ment. But this is because it is to the public interest to curtail litigation and to avoid the inconvenience of preserving the original liability as a continued cause of action. Therefore, the satisfaction of the claim must be sought through the judgment, see *Thompson* v. *Judy*, 169 Fed. 553, and when the judgment is sought to be enforced the courts may inquire as to the nature of the original claim where necessary for the purpose of such enforcement, see *Boynton* v. *Ball*, 121 U. S. 457, 466; *Wisconsin* v. *Pelican Insurance Co.*, 127 U. S. 265, 292. The judgment is a superior form of the original claim possessing additional security but not representing the payment thereof. See *Provident Savings Life Assurance Society* v. *Ford*, 114 U. S. 635, 641. It is merely a step in the enforcement of the claim.

The petitioners attempt to draw an analogy between their judgment and those cases in which promissory notes and similar forms of property given in payment for services have been held to represent income to one on the cash basis. However, it may be pointed out that notes so held to be income are different in some material respects from judgments. They are negotiable and frequently pass from hand to hand. Generally they can be readily discounted and in the hands of a bona fide holder are free from defenses which the maker may have against the original payee, whereas the assignee of a judgment takes it subject to all the defenses that existed against it in the hands of the assignor. See *Seltz* v. *Unna*, 6 Wall. 327; *Griffiths* v. *Sears*, 112 Pa. St. 523; 4 Atl. 492. Article 34 of Regulations 45, promulgated under the Act of 1918, provides that promissory notes constitute income when received in payment for services and not merely as security for such payment. This provision would seem to be a proper one, for when given in payment as distinguished from security, such notes take the place of the claim for which they have been given. The claim is entirely extinguished and the person receiving the notes looks to them alone. They are not merely another form of the original claim but represent a payment of the claim in property by the debtor.

For the reasons heretofore given we are of the opinion that the judgment did not represent income in 1915 to the petitioners who were on the cash basis. The determination of the Commissioner is sustained in respect to that portion of the amount received in cash in 1920, which represented payment for services rendered after March 1, 1913, together with interest upon all amounts from March 1, 1913, to the date of payment in cash.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

STERNHAGEN dissents.