NIELS A. CHRISTENSEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 72424. Promulgated September 24, 1935.

*Howard F. Burns, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income taxes of the petitioner for the year 1930 in the sum of $19,122.74.

The issues are:

(1) Whether the entire amount, $296,511.44, of a judgment paid to the petitioner in 1930 as a result of a suit for patent infringement was income to him, or if such sum should be reduced by $103,589.34, representing the amount equivalent to royalties and interest arising prior to March 1, 1913.

(2) The inclusion by the respondent of certain portions of the judgment which were garnisheed by the petitioner's creditors.

The facts were stipulated and in so far as material are as follows:

During the year 1909 the petitioner sued the National Brake & Electric Co, for an infringement of a patent, expiring March 21,

1916, developed by and belonging to him. The litigation continued until 1930, when a judgment for $296,511.44 in favor of the petitioner was paid. The judgment was computed by allowing the petitioner royalties for the period from December 1, 1906, to March 21, 1916, corresponding to royalties fixed in a contract between the parties in effect prior to December 1, 1906. The total amount of such royalties was $128,692.17, the costs were $5,281.22 and the interest allowed, $162,538.05. No exemplary damages were awarded. The royalties were computed on a fiscal year basis and were also segregated as to before and after March 1, 1913. The total amount of the principal of such royalties and interest thereon from December 1, 1906, to February 28, 1913, inclusive, was $103,589.34.

Out of the proceeds of the judgment the petitioner paid $198,589.90 as his ordinary and necessary business expenses relating to the litigation. All such expenses were incurred in their entirety after March 1, 1913, and were paid during 1930. The net income from the judgment was $97,927.54.

The petitioner filed his income tax return for 1930 on the cash receipts and disbursements basis and included therein $4,399.41 as income derived from the judgment. The respondent determined that the amount of taxable income derived therefrom was $97,927.54 and thus increased the petitioner's income from such judgment by $93,528.13.

Before any part of the above judgment was paid, summonses in garnishment were served at the instance of the American Timber Holding Co. and Merrill Griswold, impounding funds aggregating $23,000 in the hands of the clerk of the Circuit Court of Milwaukee County. On February 9, 1932, the clerk paid $7,500 to the American Timber Holding Co. and $15,500 to Merrill Griswold to apply on judgments held by them against the petitioner. A further sum of $4,300 was impounded by garnishment proceedings brought by J. W. Pereles to whom the sum was paid on August 1, 1931.

The sum of $6,000 was placed in escrow by the petitioner and the National Brake & Electric Co. for the benefit of Edward Friedman, to whom, with others, that amount was finally paid on February 26, 1932. The said sums of $23,000, $4,300, and $6,000 were a part of the amount paid by the National Brake & Electric Co. in 1930 in satisfaction of the petitioner's judgment against it. All of the claims and debts mentioned were controverted by the petitioner.

The respondent's position is that on March 1, 1913, the petitioner had an unliquidated claim for damages in tort for the infringement of his patent; that the amount recoverable on that claim was uncertain, conditional, and contingent on March 1, 1913; and that since he recovered a lump sum covering damages for the entire period

from December 1, 1906, to March 21, 1916, such entire lump sum was income to him in 1930.

It scarcely need be repeated that income accrued prior to March 1, 1913, should be considered as capital and is not taxable as income. *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330. The question here involved is but one step removed. Is income which accrued prior to March 1, 1913, but not received until 1930 taxable in the latter year?

In *Safety Car Heating & Lighting Co.* v. *United States*, 5 Fed. Supp. 276, a comparable situation was under consideration. The court there said:

Taking up the issues in the order of their statement, we are first called upon to answer the question as to whether or not the net amount received by plaintiff in settlement of a patent suit instituted prior to March 1, 1913, and settled in 1925 is taxable income in the latter year. The net amount attributable to infringement prior to March 1, 1913, is as stated $153,621.72, and the entire amount to the day of settlement in 1925 was $176,531.95. The sum is thus apportioned because the amount allocated to the period prior to March 1, 1913, is dealt with by the plaintiff as a nontaxable asset, while defendant contends it is income for the year 1925 and taxable as such.

The values with which we are concerned had their source in a claim or chose in action, and on March 1, 1913, that chose in action had not been valued or fixed in terms of money. That it existed cannot be denied, and that it had value cannot be ignored. Nor can it be said to be a thing the value of which could not be ascertained with legal certainty as of March 1, 1913. Actually, its value was so ascertained and fixed by a special master who arrived at his conclusions in terms of money by the use of admissible facts and mathematical calculations. Article 90 of Regulations 65 expressly provides that unconditional claims arising prior to March 1, 1913, whether presently payable or not, are not taxable as income accruing subsequent to that date. The prosecution of the infringement suit was necessary in this case only because the infringer refused to recognize the law and the facts, which at all times were there to be construed in plaintiff's favor. To hold that the unjust necessity for this suit constituted a condition precedent to the vesting of rights or title in plaintiff as to the damages inherent in the chose in action, would be to assume that the title did not vest because an unsound and illogical attack upon it was made, and this is, of course, absurd. When infringement was found by the decree of the District Court of the Western District of New York, its effect related back to the date of the patent and also to March 1, 1913. The reasoning upon which the conclusion here is arrived at need not be further enlarged upon, since it follows the clear logic of *Hewes* v. *Heiner, Collector* (D. C.) 24 F. (2d) 748, affirmed (C. C. A.) 30 F. (2d) 787. In that case, the March 1, 1913, taxable value of land, the legal title to which was then in litigation, was considered. Both the District Court and the Circuit Court of Appeals held in effect that the existence of litigation as to the title had no bearing upon the value of the land for tax valuation purposes. And so here, while the ascertainment of the value of plaintiff's choses in action was dependent upon the outcome of litigation, such litigation merely fixes the value of the pre-existing rights or title.

The plaintiff settled its right to $501,180.32 for the sum of $200,000. This netted, after deducting expenses, $176,531.95, of which latter amount $153,621.72 was attributable to infringements prior to March 1, 1913. On this sum plain-

tiff paid a tax of $19,970.82. This tax was erroneously levied and collected, and should be returned with interest thereon from the day of payment.

The observations there made apply with equal pertinence here.

In *Buffalo Union Furnace Co.* v. *Helvering*, 72 Fed. (2d) 399, reversing 23 B. T. A. 439, as to this point, which involved the "unjust discrimination" of railroads against the plaintiff in refusing to "spot" its cars, a service rendered to others, the court said:

\* \* \* With so much of it as is properly apportioned against the period from March 1, 1913 to March 31, 1914, we think that the income should have been surcharged and that the commissioner was right.

Not so, however, as to the period from August 1, 1905, to March 1, 1913. The unlawful discrimination of the roads, if it existed, was a tort which gave rise to a cause of action as soon as the taxpayer was damaged; that is, when it was forced to "spot" the cars. The fact that the claim might be contingent is here irrelevant; the important point is that the transaction as a whole took place before the date when an income tax became constitutional. As the taxpayer could not deduct any part of the expense from its income before March 1, 1913, there was no reason for surcharging its income in later years; both items must be possible of entry in an income tax return. To put it in another way, there can be no charge in such cases except as a gain. The taxpayer entered the income tax zone, so to say, with certain claims against the railroads for past torts. *Park* v. *Gilligan*, 293 F. 129 [4 Am. Fed. Tax Rep. 3628]; *Safety C. H. & L. Co.* v. *U. S.*, 5 F. Supp. 276. So far as these were eventually paid at a greater amount than their value on March 1, 1913, it might be possible to surcharge the income. There is no such proof here, and it would be fantastic to hold the taxpayer on the theory that it had not shown the value of the claims on March 1, 1913. So far as the Board surcharged the income with that portion of the settlement properly apportionable to the period before March 1, 1913, we think it was wrong. \* \* \*

In *William J. Kyle*, 15 B. T. A. 1247; affd., 43 Fed. (2d) 291, the Board had for consideration a case involving payment for services rendered in part prior to March 1, 1913, payment being made in 1920 in satisfaction of a judgment obtained in 1915. We there held that the portion of the amount received in 1920 which represented the proven value of the completed services rendered prior to March 1, 1913, plus interest thereon to that date, was not taxable income in 1920.

The logic of these cases is resistless. They are ample support for petitioner's contentions.

The parties have stipulated that the judgment obtained by the petitioner was computed by allowing him royalties corresponding to royalties fixed in the contract between him and the Brake Co. in effect prior to December 1, 1906. Thus, the basis of the judgment was definitely established by facts existing prior to March 1, 1913, and the amount to which the petitioner was then entitled was $103,-598.34. On the basic date the petitioner had a claim against the National Brake & Electric Co. for an infringement of his patent. That claim was definite, determinable, valid, and enforceable. The

number of articles manufacturer by the Brake Co., inviolation of the patent prohibition was ascertainable. A yardstick for measuring the amount recoverable on each unit had already been set up by the expired contract between the parties. Clearly that claim or right was property (*Hyatt Roller Bearing Co.* v. *United States*, 43 Fed. (2d) 1008) and possessed value. There remained nothing to be done by either the petitioner or the Brake Co. that could affect in any way the real value of his right to damages for patent infringement. He had a right to demand (and had done so by suit begun in 1909) and to receive such damages. The fact that the value of his right had not been definitely fixed in money by a legal tribunal does not destroy that value nor prevent our finding it from the facts.

The stipulated facts sufficiently establish that the sum of $103,-589.34 was attributable to the period before March 1, 1913. Therefore, the judgment obtained by the petitioner in 1930 was, to that extent, not taxable to him in that year. Since our decision results in a net loss it becomes unnecessary to consider the second issue.

*Decision will be entered for the petitioner.*