GLIDDEN v. COWEN et al.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1903.)

No. 1,074.

1. ATTORNEYS—ALLOWANCE OF FEES FROM FUND IN COURT.
   Counsel associated in a litigation through separate employments, and having no partnership relation to each other, cannot properly be treated as partners in awarding them compensation from the fund recovered, and be placed on an equality, regardless of the amount and value of the services rendered by each.

2. SAME—APPEAL FROM ORDER—MATTERS REVIEWABLE.
   On an appeal by one of a number of attorneys from an order of a Circuit Court awarding them compensation for services rendered in a suit from a fund in court, the Circuit Court of Appeals is not confined to the question of the proper distribution between them of the entire sum allowed for the services, but the whole question of the value of the appellant's services is open, and the court may make a redivision of the total amount so allowed, or may increase the allowance to the appellant without disturbing the other allowances.

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

Thomas B. Paxton, for appellant.

Joseph Wilby, for appellee Charles L. Spencer.

Martin M. Durrett, for appellee H. P. Whittaker.

Charles H. Stephens, for other appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge. This is an appeal from a decree of the Circuit Court in the case of Cowen et al. v. Adams et al., fixing and awarding the compensation to be allowed out of the fund recovered in that case, and remaining in the registry, to the several counsel who had been in the service of the complainants anterior to, and during the progress of, the litigation in that case which terminated in the recovery.

Briefly stated, the history of the case is this: William Means, having become insolvent and claiming an interest as a beneficiary in the estate of his father, Thomas W. Means, made an agreement about the year 1890 with his wife and daughters to assign and convey to trustees for them his interest in said estate. Failing to do this, the wife and daughters instituted a suit against him in the court of common pleas for Greene county, Ohio, for the enforcement of his agreement. Such proceedings were had in that suit that the plaintiffs therein in May, 1891, were awarded a decree whereby the said interest of William Means became vested in trustees, Cowen, Williams, and Frazier, for the benefit of the plaintiffs, the wife and daughters. The administrators of the estate of Thomas Means rejected the

claim of William Means to share in the estate of his father, and refused to recognize the right of the trustees to share in the distribution. Thereupon the trustees instituted a suit in equity in the Circuit Court of the United States for the district of Kentucky against the administrators and the other beneficiaries of the estate to establish the validity of their claims. Thomas Means died testate; and the principal matters in controversy were the construction of his will and the effect which certain advancements to William Means by Thomas Means in the lifetime of the testator had by way of satisfaction of the bequest to William Means contained in the will. A prolonged contest ensued in the Circuit Court, which terminated in a decision adverse to the trustees and the dismissal of their bill.

The trustees appealed to this court, where the decree of the Circuit Court was reversed, and a decree was ordered awarding to the trustees the relief prayed. Cowen v. Adams, 78 Fed. 536, 24 C. C. A. 198. The facts and a more minute statement of the questions involved than is now necessary are given in the opinion of this court there reported.

The defendants prayed for a certiorari to the Supreme Court of the United States, which was allowed. The judgment was there affirmed by a divided court. Adams v. Cowan, 174 U. S. 800, 19 Sup. Ct. 873, 43 L. Ed. 1188. A rehearing was obtained by the defendants. The case was again argued, and, a majority of the court concurring in the decision, the judgment was again affirmed. Adams v. Cowen, 177 U. S. 471, 20 Sup. Ct. 668, 44 L. Ed. 851. The sum recovered by the final decree entered upon the mandate of the Supreme Court was $186,000. The counsel engaged in the service of the complainants during the progress of the suit in the Greene county court of common pleas and in the suit in the courts of the United States were Mr. Little, Mr. Glidden, the appellant here, Mr. Whittaker, and Mr. Harmon, though not all of them were employed throughout the litigation. Upon the fund being paid into court, the last three of these counselors and Mr. Spencer, as surviving partner of Mr. Little, filed their several petitions in the court below for allowances therefrom in compensation for the services each had rendered in the litigation producing it. An order of reference to a master to take testimony, ascertain and report what amounts should be paid to each of the counsel for their services, was made. Upon the hearing before the master it was contended for Mr. Spencer and Mr. Whittaker that they and Mr. Glidden should be treated upon the footing of partners, and that the three should be allowed equal sums. The master, against the objection of Mr. Glidden, adopted that view, and reported that each of the three was entitled to receive for his services the sum of $14,797, and that Mr. Harmon, who participated only in the case while in the Supreme Court, was entitled to receive $7,500. This result was reached by the master upon a basis adopted by him that the allowance to all of them should be $51,892, or 28 per cent. of the sum recovered. Exceptions to this report were filed by all the parties concerned; the exceptions by Mr. Glidden with which we are now concerned being that, among other things, the master had erroneously assumed as the basis of his findings in reference to the

amount to be allowed to him that he and Mr. Little and Mr. Whittaker occupied the relation of partners, and were therefore entitled to share equally in a gross sum fixed for all of them, notwithstanding the inequality of the amount of service found by the master to have been individually rendered by them, and that the sum allowed to him was inadequate compensation.

The decree of the court states that the court modified the master's findings, and found that no partnership existed between Mr. Glidden, Mr. Little, and Mr. Whittaker, that Mr. Glidden should be allowed the sum of $15,800, Mr. Spencer, survivor of Little &. Spencer, and Mr. Whittaker should each be allowed the sum of $12,200, and that Mr. Harmon should be allowed the sum of $10,000. From this decree Mr. Glidden, Mr. Spencer, and Mr. Whittaker separately appealed. Mr. Glidden's appeal is rested upon the claim that the allowance to him was too small; those of Mr. Spencer and that of Mr. Whittaker seemingly were taken in anticipation that this court might upon Mr. Glidden's appeal, in which they were joined with the trustees as appellees, hold that the master was right in treating them as entitled with Mr. Glidden to a gross sum, and then divide that sum to their prejudice; for they have, since taking their appeals, moved for leave to dismiss them, and this court upon the hearing granted such leave. The trustees did not take any appeal for the reason, as explained upon the hearing, that this court, though it might alter the allowances to be made to the several counsel as between them, yet would not allow them sums which collectively would exceed the amount allowed them by the Circuit Court; and that they therefore regarded the controversy as one between the counsel, in which the trustees were not interested. But this was a mistake, as will presently be made to appear.

It is not shown, nor is it contended, that Mr. Glidden, Mr. Little, and Mr. Whittaker were in fact partners or had any agreement among themselves, or with the trustees, that they should be regarded as partners in the conduct of the litigation in which they were employed. It was the common case of the employment of several counsel, not otherwise associated, in a case without any agreement except that implied to pay them each such sum as their services should reasonably deserve. The master was clearly in error in adopting the theory proposed to him that those counselors should be treated as partners, and therefore entitled to share equally in a gross sum to be awarded to the partnership—an error which may have seriously disturbed in the sequel the proportionate sums which are to be allowed to counsel. We do not say that in fact the result is erroneous or unjust; for, as the matter stands, we have only to determine what sum Mr. Glidden should be allowed, and this determination is not affected by the question whether the sums allowed to others are too large or too small.

No one can doubt upon reading the record that Mr. Glidden bore the brunt of the struggle for the beneficiaries of the trust from the beginning to the end. He was ably and faithfully assisted by Mr. Little and Mr. Whittaker in the actual litigation preceding the removal of the principal case from this court to the Supreme Court

and by Mr. Harmon in that court, but the responsibility for the management of the contest rested mainly with him. The master in his report on the reference said:

"If it be proper within the scope of this report to refer to such matter, I desire to state that the testimony throughout bears witness to the fact that Mr. Glidden was considered the 'leading counsel,' in the sense that to him all matters were finally referred for determination. His was the personality dominating the entire proceeding, his office was the rallying point and headquarters, and as a matter of fact the evidence shows that he performed a larger portion of the labor than any one other counsel."

And, without going over the incidents of the protracted controversy, we think it just to say, intending no disparagement of his associates, that the outcome was largely due to his persistent endeavor and watchful management. Matters collateral to the litigation, but necessary to be attended to in order to preserve the fund, were looked after by him, and serious losses prevented; such as the pressure of creditors of William Means, with whom Mr. Glidden effected a very favorable settlement of a large indebtedness, and the prevention of an unnecessary sale of a considerable body of stocks belonging to the estate of Thomas Means at a sacrifice, which stocks subsequently proved an important factor in the value of that estate.

It would be too long a narration if we were to go into the details of the proceedings and the incidents of the litigation. It appears that the matter of compensation has by common consent been extended so as to include the services in the suit in the Greene county court of common pleas, although they were not strictly within the order of reference. We shall deal with the decree under review upon the same footing.

Another circumstance which should not be overlooked is that it is more than doubtful whether the compensation which the court is allowing to counsel could ever have been made but for the favorable result of the suit. And the varying opinions of the judges show that the case was close and doubtful. The beneficiaries, while they would no doubt have been willing to pay their counsel if the result had been adverse, yet their other resources were limited and the possibility remote. If this be so, it is an evident reason why the compensation of counsel should be a full and fair reward for the services which have brought about so favorable a result.

While the question of compensation in such cases is to some extent a matter of discretion, it is not wholly so. We should not feel inclined to disturb the decree of the lower court except for very persuasive reasons. But we cannot resist the strong impression that the appellant was not allowed by this decree the compensation to which he was justly entitled, and our conclusion is that the decree should be modified by fixing the compensation to be allowed the appellant at the sum of $20,000, less the amount of sums already received by him from the beneficiaries, or the fund applicable to payment for his services, and such balance to be paid from the fund in the registry.

The appellant will be entitled to recover his costs here and in the court below. It appearing that the costs incurred in this court have

been to a considerable extent due to the appeals of Mr. Spencer and Mr. Whittaker, the disposition of which we were unable to make until the hearing, when the record could be fully examined, we think those parties, who are also appellees here, should each share with the trustees in paying the costs of this court to the extent of one-third thereof. They were properly made appellees; for Mr. Glidden's appeal brought up the whole question of the value of his services, and not simply the ruling of the court below upon a particular question involved in the conclusion from which the appeal was taken. It was open to us to hold that the master was right in adopting the theory contended for by those appellees, that the services of the three were joint, and in settling upon a lump sum to be allowed to them jointly, but disagree with him in respect to his conclusion that they were partners, and hold that they were entitled to share in different proportions according to their respective contributions of service. It is obvious that a condition would be presented in which they would be proper, if not necessary, parties.

A decree modifying the decree of the court below and conforming to the foregoing conclusions will be directed to be entered.