**CRUMP et al. v. RAMISH et al.**

No. 8250.

Circuit Court of Appeals, Ninth Circuit.

Nov. 16, 1936.

Guy Richards Crump and Joseph J. Rifkind, both of Los Angeles, Cal., for appellants.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

This is an appeal from an order denying a petition for allowance of securities as attorneys' fees to appellants in an equity receivership of Sunset Pacific Oil Company, Marine Corporation, and Marine Refining Corporation.

Sunset Pacific Oil Company, a corporation, hereinafter referred to as Sunset Company, issued as of January 1, 1929, $10,000,000 first mortgage and collateral trust 6½ per cent. bonds. The two Marine companies, as of the same date, executed a trust indenture for the purpose of further securing such bonds. Sunset Company issued also, as of February 1, 1929, some $2,200,000 ten-year 6½ per cent. debentures, which were unsecured.

In 1931, Berryessa Cattle Company, a corporation, filed suit against Sunset Company to recover on an unsecured note in the sum of $30,000, and praying that a receiver be appointed. Receivers for the Sunset and Marine Companies were appointed. Subsequently the trustee under the mortgage and collateral trust agreement filed a foreclosure suit, which was, by the court, consolidated with the first named suit.

Certain of the debenture holders employed appellants to intervene, The complaint in intervention alleged that it was filed on behalf of the interveners "and in behalf of all other debenture holders similarly situated." It was also alleged that the interveners were "entitled to recover their expenses, and to have an allowance made by the Court for their attorney's fees, from any funds which may be recovered for the debenture holders herein." In the prayer, it was asked that "a just and reasonable allowance be made to complainants in intervention's counsel herein for attorney's fees out of such fund as may be recovered."

Appellants later filed a bill in intervention, asserting several defenses to the foreclosure suit, and alleging that the interveners were entitled "to have an allowance made by the Court for their attorney's fees from any funds which may be recovered for the benefit of the debenture holders and general creditors herein." In the prayer it was asked: "That the Court fix and determine the amount properly allowable to petitioners' attorneys herein for their attorney's fees incurred in the prosecution of this suit in their behalf and in behalf of other creditors similarly situated."

The validity of the defenses was never determined because a reorganization was agreed upon. The reorganization agreement provided that a fee of $25,000 was to be paid appellants, "* * * to cover costs and services rendered in the consolidated cause aforesaid; it being understood that said payments shall constitute the sole payments to be made to them, or any of them, or to their respective clients, out of the assets of the receivership estate on account of costs and attorneys' fees, but without prejudice to any application to the

court for allowance of compensation for services rendered to their respective clients out of any property allowed to or received by such clients represented by them." The reorganization plan was approved by the court, and by the final decree of foreclosure and sale, the trial court retained jurisdiction in the cause. Under the reorganization plan, the debenture holders and other unsecured creditors received no par preferred stock for their claims.

On petition of appellants, the court allowed the sum specified in the reorganization agreement by order which also provided "that said payment and this order shall be and are without prejudice to any application to the Court for allowance of compensation for services rendered to their respective clients out of any property allowed to or received by such clients represented by them."

Appellants later filed a petition praying that the court allow them 10 per cent. of the securities obtained under the reorganization plan by the debenture holders and other unsecured creditors. In this petition it is alleged that an inventory and appraisement of the properties of Sunset Company, presented to the court, showed that the value of such assets was less than the amount of the first bond issue. In an affidavit supporting the petition, appellants stated that the $25,000 allowance was partial compensation for the services rendered to the debenture holders and unsecured creditors.

Before determination of the petition, the final report of the receiver was approved, and the receiver discharged. The order discharging the receiver provided, however, that the court retained jurisdiction to determine appellant's petition.

Appellees filed a statement regarding the petition, stating that they felt the court did not have "jurisdiction to make an order allowing fees by way of securities * * * unless the relationship of attorney and client does or did exist" and that the only clients shown of record were the interveners.

The court denied the petition "for want of jurisdiction or legal authority on the part of the Court to grant the same." Appellants excepted to the order denying the petition and appealed therefrom.

■■ Unquestionably, the court has the power to allow compensation to the attorneys, to be paid by all in the class who accept the fruits of the labor of the attorneys. Trustees v. Greenough, 105 U.S.

527, 533, 26 L.Ed. 1157; Central Railroad Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Hobbs v. McLean, 117 U. S. 567, 6 S.Ct. 870, 29 L.Ed. 940; Central Trust Co. v. United States Light & Heating Co. (C.C.A. 2) 233 F. 420; American Engineering Co. v. Metropolitan By-Products Co. (C.C.A. 2) 275 F. 40; Nolte v. Hudson Nav. Co. (C.C.A. 2) 47 F.(2d) 166.; Carbon Steel Co. v. Slayback (C.C. A. 4) 31 F.(2d) 702; Buford v. Tobacco Growers' Co-op. Ass'n (C.C.A. 4) 42 F. (2d) 791. See, also, Louisville, etc., Railroad Co. v. Wilson, 138 U.S. 501, 11 S.Ct. 405, 34 L.Ed. 1023; Meddaugh v. Wilson, 151 U.S. 333, 14 S.Ct. 356, 38 L.Ed. 183.

We express no opinion as to what amount, if any, appellants are entitled to receive, in addition to the $25,000 already paid them. Likewise, we express no opinion as to whether, in the event an allowance is considered proper, such allowance should be made in stock, or in an amount of money with a lien on the stock to be received by the debenture holders and unsecured creditors.

Reversed.