**STOLTZ v. UNITED STATES.**

No. 8790.

Circuit Court of Appeals, Ninth Circuit.
Oct. 24, 1938.

D. W. Doyle, of Conrad, Mont., for appellant.

John B. Tansil, U. S. Atty., and Roy F. Allen, Asst. U. S. Atty., both of Butte, Mont., and Norman MacDonald, Thomas E. Harris, and Oscar A. Provost, Attys., Department of Justice, all of Washington, D. C., for the United States.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The court below granted appellee restitution of certain premises allotted to Indian wards and judgment for triple damages in the sum of $1496.25 with interest and costs. Appellant was defendant below.

The parties refer to the cause as an action for unlawful detainer. The allegations of the pleading filed by appellee, designated as a "Complaint", however, seem to call for injunctive relief and apparently the cause was intended as a suit in .equity. Since the parties treat the cause as one at law, we assume for the purposes of our decision, that the equitable claims were insufficient or withdrawn.

The complaint alleged that the Indian allottees and wards of appellee leased, by

writing and with the consent, authority and approval of appellee, certain real property on an Indian Reservation to appellant for the term from April 1, 1932 to and including March 31, 1936; and that on November 21, 1935, the wards, with the consent, authority and approval of appellee, leased a portion of the premises to one Idso for the term from April 1, 1936, to April 1, 1941. Idso paid the rental for the first year, in the sum of $493.75. It was further alleged that on May 22, 1936, Idso attempted to enter upon the premises with his tractor and plow and that appellant damaged the same by driving them into a ravine and since has kept Idso from entering the premises by threats of force. Appellee prayed for restitution of the premises and for damages for rents and profits, alleged to be $958.10 per annum.

Appellant, by answer alleged that by virtue of his lease, he had a preference right to a five-year lease beginning on April 1, 1936, "by meeting the highest bid made therefor"; that he did meet the highest bid, paid the first year's rental, and thereby leased the property for the period claimed by Idso; and that he remained in possession of the property until August 1, 1936.

By stipulation the cause was tried to the court. The evidence disclosed that in the fall of 1936, the superintendent of the reservation gave notice for bids on the premises in question, which notice contained the following: " * * * Leases will be let to the highest bidder, provided the bid meets with the approval of the office and the Indians consent to the terms of the bid, unless the present lessee wishes to meet the high bid * * *" On October 10, 1935, the superintendent sent a letter to appellant enclosing a form of lease to be signed. Appellant signed the lease and sent it with the first year's rental to the superintendent. When advised of a higher bid, appellant met the higher bid. The money was held in a special account, but since the wards did not execute the lease, the money, at appellant's request was applied on other leases obtained by appellant. The lease sent by appellant was not approved by an officer in charge of the reservation.

Appellant retained physical occupancy of the land until August 1, 1936, but thereafter one of his mess wagons was on the land and was still there at the time of the trial, at which time appellant testified, "I still claim that I am holding possession of that land right today."

There was no request for special findings made by appellant. The court below made a general finding for appellee, and held "that the measure of damages here is the rental value of the land in question which, according to the undisputed proof, is $493.75 plus a lease fee of $5.00." The damages thus found were trebled pursuant to Rev.Codes of Mont. § 9901, and judgment was entered for restitution of the premises and for the sum of $1496.25. Appellant seeks review of the judgment.

■ Appellee contends that there is nothing to review, because no question is raised as to admissibility of evidence, and because there was no request for special findings, and of course, no exceptions. Under the new Rules of Civil Procedure the questions presented would require answer, notwithstanding a failure to except or request special findings. Rules 46, 52 (a), 28 U.S.C.A. following section 723c. We think that there is sufficient justification for treating the failure to except and to request special findings as "technical errors, defects, or exceptions which do not affect the substantial rights of the parties" within 28 U.S.C.A. § 391, and to decide the cause on the merits.

■ Appellant contends that he acquired a lease on the premises for the five-year term beginning April 1, 1936, because under the terms of the notice there was a lease when appellant met the high bid. We believe the contention is untenable because the leases were subject to the Act of March 3, 1921, 25 U.S.C.A. § 393, which provides that the allottee may lease the lands "subject only to the approval of the superintendent or other officer in charge of the reservation where the land is located". There being no such approval, we think there was no lease acquired as contended by appellant.

■ It is further contended that the action could not be maintained by the United States, but only by Idso. Rev. Codes of Mont. § 9889 provides in part: "A tenant * * * is guilty of unlawful detainer: When he continues in possession * * * of the property, or any part thereof, after the expiration of the term for which it is let to him, without the permission of the landlord, or the successor in estate of his landlord, if any there be." Based on this statute appel-

lant's argument is that "one holding over land that has been leased to a third person could not be guilty of unlawful detainer as against the landlord but only as against the successor of the landlord" and since appellant was not guilty of unlawful detainer as against the landlord, the latter has no cause of action.

We see nothing in the statute which restricts the effect of an unlawful detainer to the new tenant. The statute merely points out that there is an unlawful detainer when there is lacking the permission specified. We need not here undertake to declare which party must give the permission in order to avoid the statute, because here there was permission from neither the landlord nor the new tenant.

In this connection, appellant also contends that since Idso was entitled to the possession of the property, he is the real party in interest. It is generally held, however, that one who has never been in possession of the land may not maintain the action (26 C.J. 816, § 43), but that it must be maintained by the landlord. 26 C. J. 834, § 74. On principle the rule is supported by reason because, as here, at the expiration of appellant's lease, the right of possession reverted to the landlord, who had conveyed the right to Idso, but who could not obtain the required actual possession in order to give it to Idso.

Rev.Codes of Mont. § 8687 provides in part: "The detriment caused by the wrongful occupation of real property * * * is deemed to be the value of the use of the property for the time of such occupation * * *." Section 9901 provides in part: "* * * * the court * * * shall also assess the damages occasioned to the plaintiff by any * * * unlawful detainer * * * and find the amount of any rent * * * and the judgment shall be rendered against the defendant * * * for three times the amount of the damages thus assessed, and of the rent found due." It is argued by appellant, that since Idso had paid the rent for the first year, the landlord could not be damaged, and there being no rent due, a money judgment was unauthorized. However, we think it cannot be said that the first year's rent was paid, because Idso, not obtaining possession, is entitled to recover the rent he paid. 1 Tiffany on Real Property (2d Ed.) § 50. Therefore, by § 9901 judgment was authorized "for three times the

amount of the damages" which are by § 8687 "the value of the use of the property for the time of" the occupation by appellant. The latter statute has been construed to mean that "the value of the use of the property" may be measured by the rental value. Leyson v. Davenport, 38 Mont. 62, 98 P. 641.

Finally, it is contended that the judgment should have been for only three times the amount which is equal to five-twelfths of $493.75, because appellant was not in possession of the property except for five months after the lease expired. We think appellant conceded, by the testimony above quoted, that he was in possession for a year.

Affirmed.

HEALY, Circuit Judge, concurs in the result.