**BINGHAM PUMP CO., Inc., v. EDWARDS.**

No. 9485.

Circuit Court of Appeals, Ninth Circuit.

March 13, 1941.

Rehearing Denied May 13, 1941.

Maguire, Shields & Morrison, Robert F. Maguire, and Donald K. Grant, all of Portland, Or., for appellant.

John F. McCarthy, of Kelso, Wash., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

Appellee brought this suit against appellant for a decree adjudicating that his patent, No. 1,927,395 issued September 19, 1933, on his application filed November 13, 1931, was valid and infringed by appellant, and for an accounting. Appellant denied the validity of the patent and alleged a number of affirmative defenses.

The specification of the patent in issue which relates to rotary pumps, states that the "primary object of the present invention is the provision of liners for the pump chambers, with the liners in separable meeting sections, such liners being arranged to completely cover the inside of the pump chambers and protect the housing from wear of any kind incident to the use of the pump".

The pump housing may be described as two horizontal cylinders, one on the top of the other, so that the end resembles the figure 8, except that at the point where the cylinders touch the cylinders are cut away

leaving an opening between the two cylinders so that a gear in the upper cylinder and a gear in the lower cylinder may mesh at the opening. On each side of the housing is a hole leading to the opening between the cylinders at a right angle thereto, thus providing an inlet and outlet for liquid. The liners, in general, are shaped like, and fit inside, the housing. They may be described as a cylinder with the ends thereof closed by a plate which will fit in the cylinders of the housing but with a portion cut away longitudinally to correspond with the cut away part of the housing, and a cut away portion fitting around the inlet and outlet. In the closed ends are holes through which the gear shafts are placed. Each of these cylinders is then cut in half, so that there are then four identical parts, each having an open and a closed end. When the 4 parts are placed in the pump housing with the open ends inward and abutting they make a shell which lines the inner part of the housing. The closed sides which the patent describes as a wall cover the sides of the gears, and the cylindrical portions, called flanges in the patent, cover the teeth of the gears, described in the patent as the periphery of the gear. The closed ends or walls of the four parts have a straight edge at the cut out part of the housing.

Claims 7 and 8 of the patent are in issue, and are as follows:

"7. A liner to be arranged between the gears and housing of gear pumps, each liner being made of two parts including a wall to overlie the side of the gear and a flange to partly overlie the periphery of the gear, the wall terminating in a straight edge and the flange being cut away adjacent such straight edge, the liners for one gear together enclosing such gear except through the area defined by the cut away portion of the flanges.

"8. A two-part liner for the gear of a gear pump, each liner including a side wall to overlie the side wall of the gear, and a lateral flange to overlie approximately one-half of the width of the periphery of the gear, the free edges of the flanges abutting when the liner parts are in position, the side walls terminating in a straight edge and being formed with an opening for the passage therethrough of the shaft of the gear, the lateral flange of each liner being cut away adjacent the straight edge of the side wall to present, when the liner parts are assembled in relation to the gear, an opening in the line of the operative plane of the gear."

These claims contain a great deal of functional matter. Excluding such matter, we find that Claim 8 describes only two elements: 1. A side wall with a straight edge, a shaft hole; and 2. A lateral flange cut away to make one-fourth of an inlet or outlet hole. Claim 7 differs only in that it does not describe the side wall as having a shaft hole.

The cause was referred to a special master who found that the patent in issue was novel, not anticipated, and infringed by appellant. Appellant did not except to the findings of novelty and lack of anticipation, but did except to the conclusions of law. The court below approved the findings of the special master, and entered an interlocutory decree on January 20, 1936, adjudicating that Claims 7 and 8 were valid and referring the cause to the special master to report "the gains, profits and advantages which the [appellant] has received, or which has accrued to it, by reason of said infringement of said letters patent, and the damages which the plaintiff has suffered by reason of said infringement". The special master computed the damages, and the court below on October 9, 1939 entered a final decree, confirming the interlocutory decree, and entering judgment for appellee for $8,500. The judge who made the interlocutory decree died before entry of the final decree, and another judge considered the validity of the patent, and entered final decree. The appeal followed.

A great number of questions are argued but only a few need be noticed.

■ With respect to the suggestion that the question as to the validity of the patent is not open because of a failure to appeal from the interlocutory decree as permitted by 28 U.S.C.A. § 227a, we think the same rule is applicable to that section as is applicable to § 227, and that therefore appellant was not required to appeal from the interlocutory decree. Victor Talking Mach. Co. v. George, 3 Cir., 105 F.2d 697, 699.

■■ Appellee contends that since appellant failed to except to the master's findings that the patent was not anticipated, or wanting in novelty and was valid, such findings are now conclusive. Appellant contends that the findings are really conclusions of law and exceptions thereto are

unnecessary. This court holds to the. contrary. Reinharts, Inc. v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628, 630, certiorari denied, 302 U.S. 694, 58 S.Ct. 13, 82 L.Ed. 536. However, pursuant to Federal Rules of Civil Procedure, Rule 52(b), 28 U.S.C.A. following section 723c, "the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings". We think such question may be raised here.

Patent No. 1,595,982, issued on August 17, 1926, to Appel, is strongly relied on by appellant. The patent relates to a rotary pump. It discloses a housing and a liner, but of different form. The liner has two circular end plates between which is a thick disc. A chamber is made at or near the center of the disk, which chamber has the same figure 8 shape as the patent in issue, and likewise has the same inlet and outlet apertures. It differs from the patent in issue in matters of form as follows: the outside contour of the liner is circular and not shaped like the figure 8; neither of the end plates is cut in two parts as disclosed by the patent in issue; no part of the disc is attached to the end plates as are the flanges in the patent in issue; and only one end plate in Appel's disclosure has shaft holes.

To make Appel's liner exactly like the one in·issue would require the following changes in form: the outside contour of the liner must be made in the shape of the figure 8; one-half of the disc must be attached to each of·the end plates; shaft holes must be placed in each end plate; and then each end plate must be cut in half. Are such changes sufficient to impart invention to the device disclosed in the patent in issue?

■ Witness Birkenbeuel, a patent attorney, testified for appellant that mechanically, Appel's device was the same as the patent in issue, and that it "is replaceable and is put there for that purpose". Witness McDougall, an engineer, testified for appellee to the contrary. He testified that the differences were as above stated, and also that the purpose of the Appel device was not the same as that of appellee as shown by the following quotation from Appel's specification: "* * * It may be remarked that the pressure of the gear wheels on the wall of the chambers * * * tends to cause increased wear. But this wear is of no import * * *" It is clear that Appel did not conceive of the use of his device as appellee conceives his. However, if Appel's device can be used for the same purpose, it is immaterial whether he conceived of that use. Dailey v. Lipman, Wolfe & Co., 9 Cir., 88 F.2d 362, 364, and authorities cited. Therefore, the fact that Appel did not know that his device could be used for the same purpose as appellee's device does not preclude the defense of anticipation.

■ There remains the question as to whether Appel's device does anticipate appellee's device. The differences between the two devices, as stated above and as related by witness McDougall, are in the form or shape of such devices. Are the changes in Appel's device made by appellee sufficient to impart invention to appellee's device? We think not. The rule on that point is an aged one, and is stated in Smith v. Nichols, 21 Wall. 112, 88 U.S. 112, 119, 22 L.Ed. 566, as follows: "* * * But a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results, is not such invention as will sustain a patent. * * *"

See, also, Burt v. Evory, 133 U.S. 349, 359, 10 S.Ct. 394, 33 L.Ed. 647; Dailey v. Lipman, Wolfe & Co., 9 Cir., supra.

■ Here, the most that can be said for appellee's device is that appellee extended the application of Appel's device, and changed the form thereof. The two devices do the same thing, i.e., prevent wear of the housing. They do it in the same way, i.e., by causing the wear to be absorbed by the liner. instead of the housing. Are substantially the same means used? We think they are. We think it was not invention to combine half of the disc with each end plate, and then cut each of the end plates into two parts. Smith Cannery Machines Co. v. Seattle-Astoria I.W., 9 Cir., 261 F. 85, 89, and cases cited.

Having reached the conclusion that the claims in issue are invalid, it is unnecessary to discuss other questions briefed.

Reversed.