## MONAGHAN v. HILL.
### No. 10408.

Circuit Court of Appeals, Ninth Circuit.

Jan. 21, 1944.

**32**

Henry S. McCluskey, of Phoenix, Ariz., for appellant.

Louis B. Whitney, of Phoenix, Ariz., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

An appeal has been taken from an order of the District Court allowing appellant $12,500 for legal services rendered in connection with a class suit.

Early in 1932 Elizabeth G. Monaghan, an attorney-at-law in Arizona, was employed by several creditors of the Intermountain Building & Loan Association, a Utah corporation, to investigate the financial condition of the Association. Appellant was at the time doing some work in the law office of Thomas W. Nealon, who agreed to assist her in matters concerning the Association but who refused to be associated as an attorney of record until June of 1933. There was an understanding between the two that any fees recovered for their work should be divided equally.

Suit was brought against the Association in the names of the creditors, in behalf of themselves and all others similarly situated, to establish their equitable liens and to procure the appointment of a receiver for the purpose of preserving the assets of the corporation. The suit was instituted in the federal ·court for the District of Arizona. Mrs. Monaghan and Nealon conducted extensive investigations of the affairs of the Association including detailed examinations of innumerable public records in Arizona and Utah. They attended trials in state courts against allied corporations in order to secure information concerning the Association. They interviewed clients, other attorneys, and representatives of the federal government. They, with the help of James A. Smith, a certified public accountant, studied and analyzed copies of all reports filed by the Association in the office of the Bank Commissioner of Utah between 1921 and 1932. The evidence collected by Smith under the legal direction of Mrs. Monaghan and Nealon made possible the establishment of a prima facie case to obtain the relief prayed for in the class suit.

The attorneys carried on an exhaustive research of the law and studied the statutes of six states applicable to the case. Many novel and difficult questions of law were involved. A large number of pleadings and briefs were prepared, including briefs on appeal to the United States Circuit Court of Appeals and on petition for writ of certiorari to the Supreme Court of the United States. The major portion of the time of both attorneys for more than three and a half years was devoted to the class suit even though the outcome was extremely doubtful and though their compensation depended wholly upon their success.

Although the efforts of the two attorneys were vigorously resisted in every way

possible, the results of the litigation were highly satisfactory. A receiver was appointed by the federal District Court to handle the assets of the corporation. Gross assets valued at more than two million dollars passed into the hands of the receiver; probably all would have been dissipated by the Association had it not been for the work of the two attorneys mentioned. Almost three thousand creditors of the Association elected to avail themselves of the benefits of the suit.

In 1937 the two attorneys filed separate petitions for an allowance of fees. Mrs. Monaghan prayed for reasonable compensation for the services of both, for $301.65 for traveling expenses necessarily incurred by her in connection with the litigation, and for $10,000 for the expense of the certified public accountant James A. Smith. She attached an affidavit of Smith in which he outlined the vast amount of work done by him on the case and valued his services "conservatively" at $10,000. Nealon prayed for reasonable compensation for his own services only and for $1,330.40 for the expenses, such as printing of briefs and costs of certified copies, itemized in his petition.

Appellant's petition and her associate's petition were consolidated for hearing before the United States District Judge, and evidence concerning the value of services rendered and the expenses incurred was presented. Nealon introduced the opinions of four experienced attorneys as to a reasonable fee. Three thought $200,000 a fair and moderate fee for the conduct of the entire litigation; the fourth stated that Nealon alone was entitled to at least $100,-000. There may be some question as to whether or not the testimony offered specifically upon behalf of Nealon could properly be considered as to Mrs. Monaghan's petition, but the question is more academic than real, for Mrs. Monaghan and three lawyer-witnesses declared that $150,000, or $75,000 to each attorney, would be a reasonable award. It should be noted that seven attorneys estimated the reasonable value of the total services rendered as from $200,000 down to $150,000. No testimony of a lower sum was introduced. The court made two orders, each decreeing that reasonable compensation for each petitioner was $12,500 less $7,500 already paid by order of the court, and also ordered that Nealon be reimbursed in the sum of $1,-330.40 for expenses.

On March 5, 1943, the trial judge made special findings of fact and conclusions of law, which were filed nunc pro tunc as of December 7, 1942, the date the orders were filed. Mrs. Monaghan filed her notice of appeal on the same day the findings and conclusions were filed and just one day before the time to perfect her appeal would have expired.

■ Appellee moves to dismiss the appeal or to affirm the order of the District Court on the ground that appellant made no objections and took no exceptions to the order or to the findings of fact and conclusions of law of the trial court, submitted no proposed findings and conclusions in lieu of those adopted, and requested no amendments to the same. The motion is denied. Appellant outlined her objections in her statement of points on appeal. That she made no prior mention of them is immaterial under the provisions of Rule 52 of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c: (a) "In all actions tried upon the facts without a jury, * * *. Requests for findings are not necessary for purposes of review. * * *" (b) "* * * When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment." In addition, see: Bingham Pump Co., Inc., v. Edwards, 9 Cir., 118 F.2d 338, 339; Hill v. Ohio Casualty Ins. Co., 6 Cir., 104 F.2d 695, 696; Stoltz v. United States, 9 Cir., 99 F.2d 283, 284; Penmac Corp. v. Esterbrook Steel Pen Mfg. Co., D.C.N.Y., 27 F.Supp. 86, 93.

■ Appellee bases his motion on Rule 46 of the Federal Rules of Civil Procedure: "Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; * * *." The purpose of informing the court of supposed error is to give it an opportunity to reconsider its ruling and to make any changes deemed

advisable, Bucy v. Nevada Const. Co., 9 Cir., 125 F.2d 213, 218. In the instant case there was no error to call to the attention of the trial court (for all the evidence was presented by petitioners with no intervening objections) except that the sum awarded was insufficient, and the court knew from the petitions that petitioners thought they were entitled to more than the amount of the judgment he awarded.

■ Subsequent to the filing of appellant's brief herein, appellee made an additional motion to dismiss the appeal on the ground that appellant had not "set out separately and particularly each error intended to be urged" as required by Rule 20(d) of the Rules of this court. In her brief appellant refers to the pages of the record on which are listed her statement of points on appeal, which she calls specifications of error. The particular "points" treated in each section of the argument are copied in full, and again termed specifications of error, immediately preceding the discussion relative thereto. We believe that there has been a sufficient compliance with our Rule 20(d) to warrant a consideration on the merits.

■■ There is no question that a court can allow to attorneys in class suits, such as that conducted by petitioner and her co-solicitor, fees payable out of the funds recovered for the members of the class who accept the benefits of the attorneys' efforts, New York Dock Co. v. The Poznan, 274 U.S. 117, 121, 47 S.Ct. 482, 71 L. Ed. 955; Trustees v. Greenough, 105 U.S. 527, 533, 26 L.Ed. 1157; Crump v. Ramish, 9 Cir., 86 F.2d 362, 363. The sum determined upon as constituting a just fee in such cases is largely within the discretion of the trial court and will not be modified on appeal unless there is strong evidence that the amount is excessive or inadequate. Drilling & Exploration Corporation v. Webster, 9 Cir., 69 F.2d 416, 418; Tracy v. Spitzer-Rorick Trust & Savings Bank, 8 Cir., 12 F.2d 755, 756; Glidden v. Cowen, 6 Cir., 123 F. 48, 51. Cf. Dee v. United Exchange Bldg., 9 Cir., 88 F.2d 372. In the instant case the judge who fixed the fees assumed the federal bench after the services for which compensation is claimed were rendered and is in no better position to judge the reasonable value of the work performed than are the judges of this court who heard the argument and who have studied the record.

■ A consideration of the great volume and high quality of the labor performed, the difficulty and novelty of the legal problems solved, the extreme hazard involved in the litigation which was handled for a "reasonable" contingent fee, the high value of the property recovered, and the successful results achieved convinces us that the fee allowed is wholly inadequate. In our opinion, the very least award to appellant that could upon the evidence adduced be held to be reasonable is the sum of $50,000. It is our opinion that the District Court arrived at the comparatively small sum of $12,500 through error. United States v. Equitable Trust Co., 283 U.S. 738, 746, 51 S.Ct. 639, 75 L. Ed. 1379; Tracy v. Spitzer-Rorick Trust & Savings Bank, 8 Cir., 12 F.2d 755, 757; Glidden v. Cowen, 6 Cir., 123 F. 48, 51. In the cited cases the reviewing court exercised its power of fixing the fee at a reasonable figure, but we think the better course in this case will be to remand with instructions to fix appellant's fee as to the District Court may seem right and proper but in a sum not less than $50,000.

■ Appellant prayed in her petition for $301.65, the cost of travel by her in connection with the investigation and in the prosecution of the case, but was denied recovery on the ground that the amount was included in the expenses listed by her co-solicitor Nealon. However, the itemized statement in his petition makes no reference to Mrs. Monaghan's traveling expenses nor does it contain any item which might be considered as including the same. Her petition specifically states that the $301.65 was an expenditure in addition to the amount for which her co-solicitor asked reimbursement. There is no evidence to support the finding of the trial court that the item of $301.65 was included in the expenses claimed by and allowed to Nealon. Instead the evidence compels the conclusion that Mrs. Monaghan was entitled to recover the sum of $301.65 as expenses.

■ Appellant agreed with James A. Smith, certified public accountant, that she would apply to the court for a reasonable compensation for his services if the litigation was successful. The uncontradicted evidence herein shows that his work was

indispensable to the prosecution of the suit and that a reasonable allowance would be $10,000. The trial court found that petitioner Monaghan was authorized by certain creditors to bring suit for a specified purpose "and to do all things necessary or essential to that end;" there is no question whatever that Smith's services were of a high quality and that the success of the enterprise could not have been attained without his or other comparable assistance. However, the court also found that the expenses of the accountant Smith were not "a proper charge against the funds in the hands of the receiver." We think the fee of the accountant is one of the necessary expenses chargeable against the fund in the hands of the receiver, and the sum of $10,000 is reasonable in the premises. United States v. Equitable Trust Co., 283 U.S. 738, 744, 51 S.Ct. 639, 75 L.Ed. 1379; New York Dock Co. v. The Poznan, 274 U.S. 117, 121, 47 S.Ct. 482, 71 L.Ed. 955; Sands v. E. S. Greeley & Co., C.C.N.Y., 83 F. 772, 773.

Reversed and remanded.