### NEALON v. HILL.
### No. 10961.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1945.

Rehearing Denied July 23, 1945.

Leslie C. Hardy and Thomas W. Nealon, both of Phoenix, Ariz., for appellant.

Louis B. Whitney, of Phoenix, Ariz. (Loretta Whitney, of Phoenix, Ariz., of counsel), for appellee.

Before GARRECHT, MATHEWS, and BONE, Circuit Judges.

GARRECHT, Circuit Judge.

On December 7, 1942, in an action by Guadalupe R. Gallegos and others against Intermountain Building & Loan Association and others,[1] the District Court entered two orders—one in favor of appellant, Thomas W. Nealon, allowing him a fee of $12,500, less $7,500 already paid, and $1,330.40 for expenses, and one in favor of Mrs. Elizabeth G. Monaghan, allowing her a fee of $12,500, less $7,500 already paid, and nothing for expenses. See Monaghan v. Hill, 9 Cir., 140 F.2d 31.

Appellant accepted the payment of the sums allowed him. This payment was made by a voucher check for $6,330.40,

bearing an endorsement, signed by defendant, which reads as follows: "Endorsement of this check acknowledges payment in full for all of the invoices listed on the voucher on the reverse side of this check." The voucher on the reverse side listed these items:

"B-202—Final Payment in Full
    Settlement of Attorney Fees Per Order of Court of December 7, 1942......... $5,000.00
    Expenses allowed Per Order of Court of December 7, 1942... 1,330.40"

Appellant cashed the check and retained the proceeds.

On March 5, 1943, Mrs. Monaghan appealed from the order of December 7, 1942, made in her favor. On January 21, 1944, this court reversed that order, remanded the case with directions to allow Mrs. Monaghan a fee of not less than $50,000 and $10,000 for expenses. Monaghan v. Hill, 9 Cir., 140 F.2d 31, supra.

On March 31, 1944, appellant filed in the District Court a so-called petition to review and rehear the order made in his favor on December 7, 1942. The petition was not, and did not purport to be a bill of review or a bill in the nature of a bill of review.[2] In effect, it was merely a petition for rehearing. The petition was denied November 29, 1944.

On December 7, 1944 appellant appealed from the order of December 7, 1942 and from the order of November 29, 1944. The appellee has moved to dismiss the appeals on the following grounds: (1) that the appeal was not taken in time from the order of December 7, 1942, (2) that appellant waived his right to appeal from that order by accepting the benefits of the order, and (3) that the order of November 29, 1944 was not appealable.

The motion is well-founded. The appeal from the order of December 7, 1942 was taken too late—after the expiration of the time prescribed by § 230, 28 U.S.C.A. The petition of rehearing was filed after the time prescribed in Rule 59 (b) of the Federal Rules of Procedure, 28 U.S.C.A.

[1] Intermountain Building & Loan Association v. Gallegos, 9 Cir., 78 F.2d 972; Brashear v. Intermountain Building & Loan Association, 9 Cir., 109 F.2d 857; Gallegos v. Smith, 9 Cir., 111 F.2d 805; Favour v. Hill, 9 Cir., 123 F.2d 77; Monaghan v. Hill, 9 Cir., 140 F.2d 31.

[2] Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250.

following section 723c, and after the expiration of time for appealing from the order, and after the expiration of the term at which the order was entered. Not having been seasonably filed, the petition did not enlarge or extend the time for appealing. Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518. This is a civil action and not a petition in a bankruptcy proceeding, and therefore Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, and Bowman v. Loperena, 311 U.S. 262, 61 S.Ct. 201, 85 L.Ed. 177, relied upon by appellant, are not in point.

Whether the appellant, by accepting the benefits of the order of December 7, 1942, waived his right to appeal therefrom need not be considered.

The order of November 29, 1944, denying the petition for rehearing, was not appealable. Conboy v. First National Bank, 203 U.S. 141, 27 S.Ct. 50, 51 L.Ed. 128; Pfister v. Northern Illinois Finance Corporation, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146; Donovan v. Jeffcott, 9 Cir., 147 F.2d 198. See, Stradford v. Wagner, 10 Cir., 64 F.2d 749; McIntosh v. United States, 4 Cir., 70 F.2d 507.

Appeals dismissed.