UNITED STATES of America,
Plaintiff,

v.

1,674.34 ACRES OF LAND, MORE OR LESS, IN BENTON COUNTY, ARKANSAS, and Stephen M. Oliver, et al., and Unknown Owners, Defendants.

Civ. A. No. 458.

United States District Court
W. D. Arkansas,
Fayetteville Division.

July 31, 1963.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for plaintiff.

Little & Enfield, Bentonville, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

The report of the Commission was filed herein on July 10, 1963, and notice to all interested parties was given by mail on the same date.

The attorneys for the landowners received the notice not later than July 11 but did not file any exceptions or objections to the Commission's report within the ten days provided in Rule 53(e) (2), Fed.R.Civ.P. On July 29 the court entered an order adopting, confirming and approving the report of the Commission fixing just compensation, including severance damages, for the above designated tracts at $122,000.

The total ownership from which the above tracts were acquired is 1,648.44 acres. Tracts 814-1 to 814-5, inclusive, contain 948.85 acres, in which a fee sim-

ple title was acquired. Tracts 814E–1 to 814E–15, inclusive, contain 8.75 acres, in which a perpetual flowage easement was obtained, leaving a remainder of approximately 699.59 acres.

Included in the same report is Tract 819 which is not adjacent to the other tracts but is entirely separate and apart. The total acreage in that particular ownership was 120.0 acres, of which the fee title to 38.13 acres was acquired, leaving a remainder of 81.87 acres.

As heretofore stated, no exception or objections were filed within the ten days allowed by the rule to the report of the Commission, but there was filed July 30 "Application for Leave to file Objections to Report of Commissioners" as to the tracts set forth in the caption. When the application was received, the court entered an order granting leave to the landowners to file objections and exceptions to said report, subject, however, to the consideration by the court of "the effect of failure to file objections within the time prescribed by Rule 53 of the Federal Rules of Civil Procedure." In accordance with this order the exceptions and objections were filed, in which the landowners state:

"1. That said report of Commissioners fixing the total valuation of the above tract at $123,600 is against the preponderance of the evidence.

"2. That the testimony of B. H. Fletcher was uncontradicted by any witness of the Government as to the actual number of cows that had been pastured by the landowners, and that admittedly the testimony on behalf of the Government was on land values of 1960 instead of 1962."

It will be noted that in the exceptions the landowner states that the just compensation was fixed at $123,600 when as a matter of fact the exceptions are not directed to the land acquired as Tract 819. It is true that the report fixes the total just compensation for Tract 819 at $1,600, and for the other tracts at $122,000, which would total $123,600 for Tract 819 and for the tracts to which the court permitted exceptions to be filed, notwithstanding the failure to file the exceptions within the time permitted by the rule.

The first question that the court must determine is whether it should consider the objections filed July 30, 1963, to the report of the Commission.

■■ The investigation made by the court leads the court to believe that it has the right to consider the objections and exceptions although filed out of time. See, Bingham Pump Co. v. Edwards, (9 Cir.1941) 118 F.2d 338; Henry Hanger & Display Fixture Corp. of America v. Sel-O-Rak Corp., (5 Cir.1959) 270 F.2d 635, and 5 Moore's Federal Practice, 2d Ed., p. 2969, par. 53.11. In other words, according to the authorities above cited, the court has the power, if it be deemed necessary and of vital importance in the interest of substantial justice, to modify a Master's report in any particular in which such modification might be required without any exceptions having been filed thereto, and when Rule 52(b) is read in connection with Rule 53(e) (2), we find that the court has the power to examine the Master's or Commission's report regardless of whether the party had raised the question on objection within the proper time to such findings. This means that in cases where objections or exceptions were not filed within the time that the court may proceed under Rule 52(b) instead of under Rule 53(e) (2).

However, in Socony-Vacuum Oil Co. v. Oil City Refiners, (6 Cir.1943) 136 F.2d 470, the Master's findings were not excepted to and there were no objections made to the court's approval of the Master's findings. In a very narrow construction of Rule 53(e) (2), the court at page 475 of 136 F.2d stated:

"Socony neither excepted to the Master's findings nor objected to the court's decree on this issue, but now urges that we reverse the judgment. We find it unnecessary to consider this point. The findings of fact by a Master cannot be reviewed upon ap-

peal where there are no exceptions to his report and this is especially true where there are no objections to the court's approval of the Master's findings."

The Socony case fails to consider the effect of Rule 52(b) which expressly permits such procedure, 5 Moore's Federal Practice, 2d Ed., p. 2969, par. 53.11.

■ It will be observed that Rule 52(b) empowers the court, upon motion of a party made not later than ten days after the entry of the judgment, to amend its findings or make additional findings and may amend the judgment accordingly. Such procedure is authorized by the authorities referred to above notwithstanding a party who has failed to file objections or exceptions to a Master's report may appeal from the judgment entered. But where a party has filed a motion to amend a judgment, as in the instant case, it is the opinion of the court that such party's time for perfecting the appeal begins to run from the date the original judgment was entered, and the original judgment was entered in this case on July 29, unless the original is materially and substantially modified as a result of the consideration and determination of the motion considered under Rule 52(b).

In view of this posture of the case and the allegations contained in the motion under consideration, the court has in the interest of substantial justice proceeded to examine and consider the report of the Commission to determine whether the contentions of the landowner are meritorious, and whether the original judgment of July 29 should be modified or amended in any respect.

Notwithstanding the fact that the court has considered the contentions of the landowner under and by virtue of Rule 52(b), the power of the court is limited by the provisions of Rule 53 and Rule 71A(h), which provides:

"If a commission is appointed it shall have the powers of a master provided in subdivision (c) of Rule 53 and proceedings before it shall be governed by the provisions of paragraphs (1) and (2) of subdivision (d) of Rule 53. Its action and report shall be determined by a majority and its findings and report shall have the effect, and be dealt with by the court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53."

Rule 53(e) (2) provides:

"In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous."

■ In other words, a District Court, in reviewing a master's report, does not have the right to reconsider, weigh and evaluate evidence to arrive at its own independent conclusions, but must accept those of the Master unless clearly erroneous. For a full discussion of the limitation upon the power of the court in the instant case, see United States v. 992.61 Acres of Land, etc., (W.D.Ark. 1962) 201 F.Supp. 578.

■ With this limitation in mind the court has carefully examined and considered the report of the Commission together with the exhibits thereto attached, and is of the opinion that the findings of fact and conclusions of law are not clearly erroneous. In fact, they are supported by substantial if not a preponderance of the evidence.

The landowners have alleged in their motion that the testimony of Mr. Fletcher was uncontradicted by any witness of the Government as to the actual number of cows that had been pastured by the landowners, and that admittedly the testimony on behalf of the Government was on land values of 1960 instead of 1962.

It must be remembered that Mr. Fletcher is an interested party, and even though his testimony on a particular question is not literally controverted, yet a trier of the facts is not required under the law to accept the testimony as given but must consider it in the light of the witness' interest and all circumstances in the case.

As to the contention that the testimony on behalf of the Government was on land values of 1960 instead of 1962, the report of the Commission discloses that the market value of the entire ownership was testified to as of the date of taking, March 22, 1962.

The landowners pray that the court refer this case for a jury trial, or in the alternative, it be remanded to the Commission for further hearing. The record discloses that the question was pretried by the Commission on June 21, 1963, and following the pretrial conference, the Commission "accompanied by the owner and his attorney viewed the properties." The hearing was conducted on June 24, and the Commission, after viewing the properties, were in a favorable position to evaluate the testimony that was adduced by both parties.

As to the request that the case be set for a jury trial, the court on April 11, 1962, appointed a Commission, consisting of Messrs. Bruce H. Shaw, R. N. Donoho, and Bert Askew. Later Mr. Shaw resigned as Commissioner and Mr. G. Bryon Dobbs was appointed to fill the vacancy created by the resignation of Mr. Shaw. The Commission was appointed after due and careful consideration under the provisions of Rule 71A (h). A reference to the general order entered in the Beaver Dam and Reservoir Project will disclose the reasons stated by the court for the appointment of a Commission. In United States v. 561.-14 Acres of Land, etc., (W.D.Ark.1962) 203 F.Supp. 673, this court reviewed the various decisions in which the question of the appointment of a Commission in such cases was considered. In that case the Government itself had requested a trial to a jury and likewise the landowners requested a trial by jury, and after reviewing the authorities, the court concluded as follows: "This court has had many years' experience in the trial of eminent domain cases, and is convinced that in projects, such as the Dardanelle Dam and Reservoir Project, commissioners should be appointed 'in the interest of justice,' and the facts

set forth in the various orders appointing the commissioners in this project demand that the court, in the exercise of its discretion, appoint Commissioners." The above statement is equally applicable to the Beaver Dam and Reservoir Project.

Therefore, the motion of the landowners should be denied, and the court reaffirms the judgment heretofore entered on July 29, 1963, fixing just compensation, including severance damages, for tracts Nos. 814–1 through 814–5, and 814E–1 through 814E–15 at $122,-000, and for Tract No. 819 at the sum of $1,600.

An order in accordance with the above is being entered today.