**Walter F. KEYS, Appellant,**

v.

**Walter DUNBAR et al., Appellees.**

No. 22036.

United States Court of Appeals
Ninth Circuit.

Jan. 21, 1969.

Rehearing Denied Feb. 20, 1969.

Walter F. Keys, in pro. per.

Andrea Sheridan Ordin (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., David M. Rothman, Deputy Atty. Gen., Los Angeles, Cal., for appellee.

Before BROWNING, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

Appellant appeals from an order entered January 26, 1967, denying his motion to vacate and set aside a prior District Court order, which in turn had denied his petition for a writ of habeas corpus.

On October 30, 1963, while Keys was in state custody, he filed his original petition for a writ of habeas corpus in the federal District Court, asserting that constitutional errors invalidated his conviction upon charges of abortion. (28 U.S.C. § 2241.) His petition was denied without an evidentiary hearing by an order entered April 17, 1964. He filed a notice of appeal from that order on June 11, 1964. The District Court refused to issue a certificate of probable cause. (28 U.S.C. § 2253.) Keys took no further steps to perfect an appeal from that order.

Beginning in February 1965 Keys filed in the District Court successive motions to vacate and set aside the order of April 17, 1964. Each of the motions was denied. On February 23, 1966, Keys was finally discharged from custody. The last motion in the series was filed on December 20, 1966, in which Keys set forth the various grounds urged

in the original habeas petition to support collateral attack on the state judgment, and in addition claimed fraud on the District Court, based upon the alleged failure of the respondent to file an affidavit which it had promised to file in its response to the original habeas petition. After a nonevidentiary hearing on January 9, 1967, the District Court denied the motion in an order entered January 26, 1967. Petitioner filed his notice of appeal from that order on February 13, 1967, and a certificate of probable cause was issued. The appeal presently before us is the attempted appeal from the order of January 26, 1967.

■ If we construe Keys' motion of December 20, 1966, as a renewed petition for a writ of habeas corpus, the District Court was without jurisdiction to entertain the motion, and we are without jurisdiction to review it because Keys had been discharged for custody before he filed the motion. (Cf. Carafas v. LaVallee (1968) 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554.

■ If we construe the motion as a motion to vacate or modify the prior order of the District Court, we are without jurisdiction to entertain the appeal because an order denying such a motion is not an appealable order. (Nealon v. Hill (9 Cir. 1945) 149 F.2d 883; Bowers v. E. J. Rose Manufacturing Co. (9 Cir. 1945) 149 F.2d 612; Donovan v. Jeffcott (9 Cir. 1945) 147 F.2d 198.)

■ Appeal is limited to the denial of that portion of Keys's motion, seeking relief on grounds specified in Rule 60(b) from the prior order denying his original petition for a writ of habeas corpus.[1]

(Russell v. Cunningham (9 Cir. 1960) 279 F.2d 797, 802.) The District Court did not abuse its discretion in denying the motion because (1) Rule 60(b) relief was foreclosed by limitations in that more than one year had elapsed from the entry of the order denying Keys's original petition for habeas corpus to the filing of his motion pursuant to Rule 60(b); (2) there was no substantial basis for Keys's claim that the State committed fraud on the court, justifying an independent action to set aside the order.

Keys's claim of fraud is based on the following facts: In the State's response to Keys's original petition for a writ of habeas corpus, the State referred to an affidavit of Edward Gritz, a lawyer who represented Keys on his appeal from the state court conviction. Gritz is alleged to have said in his affidavit that evidence which Keys claimed his trial counsel suppressed would not have been material on appeal. No affidavit of Gritz was annexed to the State's response and none was thereafter presented by the State. On Keys's motion to set aside the prior order, he presented an affidavit of Mr. Gritz, in which Gritz said that he never wrote or submitted an affidavit to the Attorney General and that he had never viewed the evidence or known about its existence until Keys brought it to his office shortly before Gritz signed the affidavit.

The State's neglect in filing its response referring to an affidavit which was never filed is not commendable, but the State's omission did not amount to a fraud on the court. To justify setting aside a final order on the ground of fraud, the acts of the adverse party

---

1. Rule 60(b) in pertinent part states: "On motion * * *, the court may relieve a party * * * from a final * * * order, * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresen- tation, or other misconduct of an adverse party; * * * The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the * * * order, * * * was entered or taken. * * * This rule does not limit the power of a court to entertain an independent action to relieve a party from a[n] * * * order * * * or to set aside a judgment for fraud upon the court. * * * "

**958**

"must be such as prevented the losing party from fully and fairly presenting his case or defense." (Atchison, Topeka and Santa Fe Railway Co. v. Barrett (9 Cir. 1957) 246 F.2d 846, 849.) The State's failure to file the Gritz affidavit did not prevent Keys from fully and fairly presenting his case. The statements attributed by the State to Gritz were expressions of opinion upon a matter of law and not a purported recitation of facts. The statements were irrelevant and did not affect the District Court's determination of Keys's petition for habeas corpus.

The order is affirmed.