**In re Merv NEWELL and Linda Newell, Debtors.**

**Merv NEWELL and Linda Newell, Appellants,**

v.

**BANK OF PALM SPRINGS, a California corporation, Appellee.**

**Bankruptcy No. SB–86–00058–JW.**
**Adv. No. M6–0669–JW.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted on briefs, Oct. 14, 1986[1].

Decided Dec. 29, 1986.

Norman R. Spevack, Palm Springs, Cal., for appellant(s).

Joel S. Miliband, Schlecht, Shevlin & Shoenberger, Palm Springs, Cal., for appellees.

Before VOLINN, MEYERS, and MOOREMAN, Bankruptcy Judges.

VOLINN, Bankruptcy Judge:

The Chapter 11 debtors, Merv and Linda Newell, appeal from the bankruptcy court's

---

**1.** Pursuant to Bankruptcy Rule 8012 and BAP Rule 3, the panel determined that oral argument was not required in this case.

order terminating the automatic stay entered in favor of the appellee, Bank of Palm Springs ("Bank").

The sole issue raised by the Newells on appeal relates to the timeliness of their objections[2] to the Bank's proposed findings of fact, conclusions of law, and order, which objections were only "lodged," not filed, by the clerk of the bankruptcy court because they were received two days after the findings, conclusions, and order were entered.

On April 25, 1986, the day after the hearing on the Bank's motion for relief from stay, the Bank's attorney mailed a notice of lodgement of the proposed findings, conclusions, and order to the Newells, who had appeared at the hearing *in pro per*. On April 29, the Newells retained an attorney, who prepared the objections at issue. The Bank's proposed findings, conclusions, and order terminating the automatic stay were entered by the court on May 6, 1986. The Newell's objections are stamped "lodged" on May 8, 1986. Notice of appeal was timely filed on May 13, 1986.

 The Newells contend that they had 10 days from the date of the notice of lodgement in which to file their objections, without citing any authority for such a time period. Adding three days because they were served by mail, BR 9006(f), they contend that their objections, lodged on the 13th day after service of the notice of lodgement, were timely. They ask this panel to remand the matter to the bankruptcy court for filing of their objections and a hearing on the motions made in their objection papers.

The Bank contends that the Newells had five court days after service of the notice of lodgement in which to file their objections, citing Local Rule 14.6 of the Central District of California. The fifth court day was May 2, 1986. Even if three days are added to this time period, the Bank contends, the Newells' objections should have

been filed by the end of May 5, 1986, the day before the findings, conclusions, and order were entered.

We are unaware of the source of any 10–day time period for objecting to proposed findings of fact and conclusions of law, such as the Newells assert. Absent any Bankruptcy Rule to the contrary, the Central District's local rules should apply. The Bank's contention that the Newells' objections were untimely is therefore correct.

 There is a substantial question as to whether this issue should be raised at all. Local Rule 14.6 provides that "The failure to file timely objections shall be deemed a waiver of any defects in the *form* of the document." (Emphasis added.) Objections to findings of fact are not, however, a prerequisite to appellate review. *See* 5A Moore's Federal Practice ¶ 52.10 (2d ed. 1986); 9 Wright & Miller, Federal Practice and Procedure § 2581 (1971). This is due to Fed.R.Civ.P. 52(b), which provides, in part:

> ... When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.

*See also Monaghan v. Hill,* 140 F.2d 31, 33–34 (9th Cir.1944). This rule applies to adversary proceedings in bankruptcy court. BR 7052.

The Newells have not raised any other issues concerning the order terminating the automatic stay. The order appealed from is therefore AFFIRMED.

---

2. The pleading was entitled "Objections to Findings of Fact and Conclusions of Law and Order Terminating Automatic Stay After Hearing; Motion to Reconsider Motion of Merv Newell and Linda Newell for a Continuance and to Reconsider Request for Relief from Automatic Stay Order; Declaration of Merv Newell and Linda Newell; Proof of Service."